In the Matter of the Second Intermediate Accounting of JAMES H. SLOCUM et al., as Trustees under the Will of DANIEL M. EDWARDS, Deceased.

Surrogate's Court, Onondaga County, February 2, 1948.

*Moser, Johnson & Reif* for E. Winston Rodormer and another, as trustees under the will of Daniel M. Edwards, deceased.

*Smith, Sovik, Levine & Richardson* for Walker E. Edwards.

*McElroy, Young & Mahley* for Genesee Valley Trust Co., as trustee of an express trust, and others.

MILFORD, S.  This is a proceeding instituted by Patrick J. Sullivan, James H. Slocum, E. Winston Rodormer and Donald R. Knaus for the judicial settlement of their second intermediate account as trustees under the will of Daniel M. Edwards, deceased.  The proceeding was instituted by the filing of a petition and account dated February 25, 1946.

During the pendency of the proceeding, and on April 12, 1946, E. Wells Edwards, a son of the decedent and the life beneficiary of one of the trust shares created pursuant to the will of said Daniel M. Edwards, deceased, died, without issue.

Under the provisions of the will of Daniel M. Edwards, deceased, upon the death of E. Wells Edwards, the corpus of the trust share created for his benefit during his life, became distributed to his " next of kin ", free and clear from any trust.

The legal " next of kin " of E. Wells Edwards, at the time of his death, were his two sisters, Dorothy E. Slocum and Mary E. Rodormer, and his brother, Walker E. Edwards.

Following the death of E. Wells Edwards, the trustees filed a supplemental petition, dated May 20, 1946, in which it is alleged that, on or about May 4, 1937, Walker E. Edwards had executed and delivered a release in writing to the trustees under the will of the decedent, Daniel M. Edwards, '' forever releasing any right, title or interest which he had or might have in and to the estate of Daniel M. Edwards, deceased '', and that he had subsequently executed and filed in this court a renunciation thereof.

The supplemental petition, among other things, asks that a determination be had of the individuals who are rightfully entitled to receive the principal assets comprising the trust share heretofore set up for the benefit of E. Wells Edwards, and of the amounts which they are entitled to receive.

'' Most of the cases on releases involve questions of interpretation only, and some technical rules of interpretation have been established; but these, like most rules of interpretation, would be held subordinate to the broad rule that the intention which the words of the instrument express *in the light of the circumstances existing at the time shall prevail.*'' (Italics supplied. 6 Williston on Contracts, § 1825.)

'' The general rule is that where a release contains a recital of a particular claim, obligation or controversy and there is nothing on the face of the instrument other than general words of release to show that *anything more than the matters particularly specified* was intended to be discharged, the general words of release are deemed  *  *  *  limited thereby.'' (Italics supplied. *Mitchell* v. *Mitchell,* 170 App. Div. 452, 456.)

The release in question was executed on or about May 4, 1937. What were the circumstances existing at the time of its execution and delivery? The records of this court which were put in evidence, and the testimony produced upon the hearing show the testator died in 1929, just prior to the great economic depression of the nineteen thirties. The principal assets in the estate were the stock of E. W. Edwards & Son, a corporation engaged in the business of operating department stores, and the stock of the Murray Realty Company. During the depression these enterprises suffered business reverses with the result that for a number of years no income was available for distribution under the trusts established by the will of the decedent, Daniel M. Edwards. In 1937, the two corporations were insolvent. In 1935, this court had fixed the fees of the then attorneys for the estate at $253,487.63, and each of the four executors had

been allowed $70,463.78 for their commissions, which remained unpaid. In addition there were very substantial inheritance taxes due, which the estate was also unable to pay. In 1936, or early 1937, Walker E. Edwards, the person who executed the release, was apparently pressed for and desperately in need of funds. Due to the financial difficulties of the estate he had not received the $5,000 per year income for several years since his father's death; he had no profession or business; he worked from time to time at odd jobs with various companies, and when not working was supported by his mother. He instituted a number of proceedings against the executors and trustees of this estate in an effort to obtain funds. One of these was a proceeding to compel payment of the trust income of $5,000 per year; another related to a legacy of $3,000 claimed to be due him from the estate of his grandfather; and there was also a claim of E. W. Edwards & Son against Walker E. Edwards, which was reduced to a judgment; and, at this time, the executors of the estate of Daniel M. Edwards asserted certain claims of the estate against Walker E. Edwards, one of such claims being a claim of $5,764.17, and another was for the sum of $5,767.82, advanced to Walker E. Edwards, and payments amounting to $13,333.44 which had been made to Walker E. Edwards by the executors, which payments had been questioned by a creditor of the estate of Daniel M. Edwards, deceased, and also by the Governments of the United States and the State of New York, these claims amounting to the sum of $24,865.43. After a series of consultations and conferences by and between the various parties and their attorneys, a settlement of all differences between the parties was effected, which resulted in Walker E. Edwards' executing the release in question. Walker E. Edwards was paid the sum of $7,000 in cash, and, in addition, Walker E. Edwards was released from liability on the said claims amounting to the sum of $24,865.43.

The release reads, in part, as follows: " For value received, the receipt whereof is hereby acknowledged and confessed, I hereby release said Caroline Walker Edwards, Patrick J. Sullivan, James H. Slocum and Fred B. Persse, individually and as executors and as trustees of the estate of Daniel M. Edwards, from all claims and demands of every name, kind and description which I may have against the estate of said deceased, and I hereby forever release and discharge the estate of said Daniel M. Edwards from all further liability to me." Thus far the release goes to the persons therein named *both* as *executors*

and as *trustees* and it releases the estate from "all further liability" to him. The balance of the release contains phraseology which waives the issuance and service of a citation and provides for the voluntary appearance upon the judicial settlement of the estate in Surrogate's Court, or in any other court in which the said estate may be settled and it consents and requests that a decree may be entered *at any time* which would fully, finally and judicially settle *not only* the accounts of the executors, *but also of the trustees*. The release in question closes with these words, "and discharging the said executors *and the said trustees from all further liability* in the matter so far as I am concerned." It does not recite any particular claim, obligation or controversy, but is general in its scope.

It is my opinion, after a careful consideration in the "light of the circumstances existing at the time", and also subsequently thereto, as adduced by the evidence produced upon the hearing before me, that it was the intention of Walker E. Edwards to release and relinquish all of his interest in the estate of his father upon the payment to him of the sum of $7,000, cash, and further, in consideration of his being released from liability on the claims amounting to the sum of $24,865.43, and the assignment of the judgments against him, pursuant to his direction. I am of the further opinion that, by reason of Walker E. Edwards' releasing and relinquishing his interest in his father's estate, the interests of Dorothy E. Slocum and Mary E. Rodormer, as "next of kin" of E. Wells Edwards, deceased, are enlarged in the remainder of the trust share of said E. Wells Edwards, deceased. (*Miller* v. *Emans,* 19 N. Y. 384; *Matter of Baer,* 147 N. Y. 348.)

It is the court's understanding that no question of the income to which Walker E. Edwards is, or would be entitled, is or was to be considered in this proceeding, and therefore, it has not been considered.