### (September 30, 1948.)

In the Matter of the Second Intermediate Accounting of James H. Slocum et al., as Trustees under the Will of Daniel M. Edwards, Deceased. Walker E. Edwards, Appellant; Dorothy E. Slocum et al., Respondents.— Decree, so far as appealed from, affirmed, without costs of this appeal to any party. All concur, except Taylor, P. J., and McCurn, J., who dissent and vote for reversal of the decree insofar as appealed from and for a construction of the release in accordance with the following memorandum: Demands subsequently maturing, as a rule, are not discharged by a release unless expressly embraced therein or falling within the fair import of the terms employed. (*Farnham* v. *Farnham*, 204 App. Div. 573, 574; *Dworkin* v. *Dworkin*, 247 App. Div. 213, 214; *Celmer* v. *Feinborough Homes, Inc.*, 253 App. Div. 832.) No right which could be the subject of a claim or demand by Walker Edwards against the estate by reason of his contingent interest therein would accrue until the contingency occurred. Future claims or demands are not referred to in the release nor may they be fairly implied from the language employed. On the contrary, the title or heading on the release, together with certain words of discharge, to wit, " discharging   *   *   * from all further liability in the matter " manifests an intention that it is confined to the matters involved in the judicial settlement pending at the time of its execution. There is nothing in the record to support the slightest inference that any of the parties had in mind the possibility that Walker Edwards might outlive his brother Wells Edwards, and that Wells might not only die first, but without issue. Walker Edwards, until the happening of that then remote possibility, would have no basis for asserting a claim to any portion of the corpus of the estate. The most he had at the time was a contingent interest which he could, of course, assign or transfer but there are no words of assignment or transfer contained in the release. It appears clear that the release was intended as a release of claims in the ordinary sense of those words, in the proceedings for a judicial settlement then pending and that it should not be construed as an assignment or transfer of his contingent interest. (See *Trustees of Amherst College* v. *Rich*, 151 N. Y. 282, 338, 339; *Matter of Robbins*, 89 Misc. 345, 352.) We therefore dissent and vote for a reversal of the decree insofar as appealed from and for a construction of the release in question to the effect that it was ineffective to divest Walker Edwards of any interest in the estate to which he might otherwise be entitled by reason of the death of Wells Edwards. (The portion of the decree appealed from settles the accounts of trustees.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ. [194 Misc. 681.]

In the Matter of the Estate of Peter Lakuto, Deceased. Michal Aksterowicz, as Administrator of the Estate of Peter Lakuto, Deceased, Respondent; Frances Satkowski et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (The order directs Frances Satkowski and Dinah Rosenblatt to deliver certain personal property to the administrator, and account for rents and interest received on realty belonging to the estate, and refrain from collecting further rents and interest, on a motion for a temporary injunction.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.