In the Matter of the Estate of DANIEL M. EDWARDS, Deceased.

Surrogate's Court, Onondaga County, December 6, 1949.

*Smith, Sovik, Levine & Richardson* and *Robert B. Anderson* for Dorothy L. Edwards, as general guardian of Caroline W. Edwards and others, infants.

*David A. Fraser,* special guardian for Caroline W. Edwards and others, infants.

MILFORD, S. This is a proceeding under the provisions of section 194 of the Surrogate's Court Act, and particularly pursuant to the third paragraph thereof.

A petition was duly filed with this court on June 9, 1949, by Dorothy Slocum, an aunt of Caroline W. Edwards, Flora B. Edwards and Dorothy Jo Edwards, infant children of Walker E. Edwards, a brother of petitioner, and of Dorothy L. Edwards, his wife, praying for the appointment of an impartial special guardian of said infant children, pursuant to section 194 of the Surrogate's Court Act, to investigate and to initiate such proceedings and to take such legal action as may be necessary to protect the rights of said infant children. The petition alleges, among other things, that the said Walker E. Edwards was adjudicated an incompetent person by the Probate Court of Stamford County, Connecticut, and that Dorothy L. Edwards,

his wife, was duly appointed on or about June 1, 1948, his conservator; that, by order of the Supreme Court in Onondaga County, New York, dated June 18, 1948, the said Dorothy L. Edwards was duly appointed ancillary committee for said Walker E. Edwards; that, by order of this court, dated December 14, 1944, the said Dorothy L. Edwards was appointed general guardian, without bond, of Caroline W. Edwards and Flora B. Edwards, and on February 3, 1948, the said Dorothy L. Edwards was duly appointed general guardian, without bond, of Dorothy Jo Edwards, an infant; that, by a decree of this court made March 9, 1948 (194 Misc. 681), and since affirmed by the Appellate Division, Fourth Department (274 App. Div. 871), and by the Court of Appeals (299 N. Y. 553) it was determined that the said Walker E. Edwards had, by a release, dated May 4, 1937, released a one-twelfth remainder interest in the estate of Daniel M. Edwards, deceased, his father; that, by a certain trust agreement between said Dorothy L. Slocum and her sister, Mary E. Rodormer, the said interest which, by adjudication of this court, accrued to the said Dorothy Slocum and Mary E. Rodormer, by reason of said release, was placed in trust with the Genesee Valley Trust Company for the benefit of the said infant children of said Walker E. Edwards.

The petition further alleges that the said Dorothy L. Edwards, as said conservator for said Walker E. Edwards, instituted an action in the United States District Court for the Northern District of New York, in which she sought to attack collaterally and to nullify the said decree of this court; which, if successful, would, in effect, divest the said children of Walker E. Edwards, for whom she is general guardian, of their interest in said one-twelfth part of said estate; that she did not make her said children parties thereto or take any other steps to represent or protect their interests.

In view of the foregoing allegations it is very evident that the interest of Dorothy L. Edwards, as conservator of Walker E. Edwards, is entirely adverse to the interest of Dorothy L. Edwards, as general guardian of the infant children of the said Walker E. Edwards and Dorothy L. Edwards.

The court being convinced of that fact duly appointed one David Fraser, an honorable and highly respected attorney and counsellor at law of the Bar of this State, special guardian of the said infant children of said Walker E. Edwards and Dorothy L. Edwards.

It is true no order to show cause or citation was issued. The appointment was made ex parte.

This court considered it had jurisdiction of the said infants inasmuch as the proceeding arose out of a pending accounting proceeding in which jurisdiction of all of the interested parties, including the said infant children of said Walker E. Edwards and Dorothy L. Edwards has been obtained.

The final paragraph of section 194 of the Surrogate's Court Act originated with the Executive Committee of the Surrogates' Association. The committee concerned itself only with the substantive question whether or not the existence of an interest of the guardian adverse to that of his ward permitted the infant or next friend to put in motion the steps necessary for protection of the infant's interests. The committee, apparently, did not concern itself with procedural matters at all.

I have diligently searched for cases in which such an application was tested, but have been unable to find any.

In my opinion, however, there is no jurisdictional defect if an appointment of a special guardian is made ex parte. Certainly the text of section 64 of the Surrogate's Court Act requires an appointment in the circumstances outlined in section 194. Appointments under section 64 are regularly made ex parte, and this court sees no reason at all why the general rule as to procedure is not applicable to a proceeding initiated pursuant to section 194 of the Surrogate's Court Act. Moreover, since the parties are now all in court and have been heard, the question raised by the moving party becomes academic. The situation at the time of the appointment called for and still calls for a special guardian under section 194 of the Surrogate's Court Act, and this court, therefore, reaffirms its original appointment.

Motion denied.