## 9043

### WILLIAMS v. COLUMBIA MILLS CO. *ET AL.*

#### (85 S. E. 160.)

LANDLORD AND TENANT. MASTER AND SERVANT. EVICTION. JUDGMENT. RES JUDICATA. EVIDENCE. DAMAGES. APPEAL AND ERROR. ISSUES.

1. MASTER AND SERVANT—EVIDENCE.—Testimony of a servant that he was discharged because he quit his master's work to attend to his personal enterprise is not prejudicial to the master.
2. DAMAGES—EVIDENCE.—A party, after stating the facts, may give his estimate as to the amount of damage done to property by defendant or its agents.
3. LANDLORD AND TENANT—RENT—PAYMENT.—Where the payment of rent is at issue, testimony that it has been paid by a third party is relevant.
4. EVIDENCE—REPLY.—Where a party undertook to show a particular kind of house was to be rented only to a person furnishing more than one hand to the mill, testimony that such houses were rented and occupied by families furnishing only one hand was admissible in reply.
5. LANDLORD AND TENANT—EJECTMENT—JUDGMENT—RES JUDICATA.— A judgment rendered by a magistrate evicting a person from premises under Civil Code 1912, sec. 3509, cannot be collaterally attacked, and estops such person from denying that he was such tenant, and from showing that he was wrongfully dispossessed.
6. LANDLORD AND TENANT—EJECTMENT—DAMAGES.—A tenant wrongfully dispossessed of leased premises may recover punitive damages against the landlord, under Civil Code 1912, sec. 3509.
7. APPEAL AND ERROR—ISSUES.—Whether there was any evidence to sustain a finding for punitive damages will not be considered on appeal, where not raised below by motion for nonsuit or the direction of a verdict.

Before WILSON, J., Lexington, November, 1913. Reversed.

Action by Henry M. Williams and Monnie Williams against Columbia Mills Company and S. P. Venson. From judgment for plaintiff, the defendants appeal. The facts are stated in the opinion.

FOOTNOTE.—As to damages recoverable by tenant in action for wrongful eviction, see notes in 6 A. & E. Ann. Cas. 460; Ann. Cas. 1912a, 860.

*Messrs. C. M. Efird* and *B. L. Abney,* for appellant, submit: *Landlord not liable for damages, except for an unlawful ejectment authorized and directed by a magistrate who had no jurisdiction either of the subject matter or of the person of the tenant:* 3 Strob. Eq. 44. *Proceedings for forcible entry and detainer under Civil Code 1912, secs. 4068 and 4069, prescribing treble damages, prevents punitive damages. Charge as to landlord's right to eject:* 58 S. C. 145; 32 S. C. 410; 39 L. R. A. 419; 90 S. C. 50. *Error. to submit issue as to punitive damages:* 90 S. C. 50.

*Messrs. Melton & Sturkie* and *Thurmond, Timmerman & Callison,* for respondents: *Relevancy of testimony to be determined by the Judge in his discretion:* 65 S. C. 26; 78 S. C. 23; 83 S. C. 103; 85 S. C. 207; 98 S. C. 121. *Objection not made in time:* 67 S. C. 175. *Estimate as to damages:* 65 S. C. 1; 73 S. C. 557. *Eviction proceedings:* 71 S. C. 236; 54 S. C. 255; 24 Cyc. 1406. *Punitive damages:* 62 S. C. 80; 72 S. C. 189; 13 Cyc. 105; 24 Cyc. 1399. *Rule Circuit Court 75:* 88 S. C. 89; 93 S. C. 543.

March 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for actual and punitive damages, brought by the plaintiffs against the defendants, for negligently and maliciously ejecting them from a dwelling house owned by one of the defendants.

It seems that the plaintiff, Henry M. Williams, was employed by the defendant, Columbia Mills Company, as a weaver. That he asked for leave of absence to attend to some private business, but was refused permission. Williams left without permission and his loom was given to another. Mrs. Williams also worked in the mill, but the house was one provided for operatives and set apart to Mr. Williams. Mr. Williams came back and demanded his loom,

but he was told that he could not get his former position, but was offered a position that paid less, which he declined to accept. The company claimed that it was necessary for them to furnish operatives with dwelling houses, which they did at a very cheap rate and the house occupied by Mr. Williams was one that must furnish two hands for the mill, and inasmuch as he no longer supplied two hands, it was necessary to give his house to another and notified him to vacate the house. He declined to vacate and the company applied to the magistrate to eject him. The following is the affidavit filed with the magistrate:

"State of South Carolina, County of Lexington.

Personally appeared before me, J. L. Gunter, who, being duly sworn, deposes and says: That one Henry Williams has been, and is now, in the unlawful possession of a certain house, the property of the Columbia Mills Company, situate in the town of New Brookland, Lexington county, and State of South Carolina.

That the said Columbia Mills Company have notified the said Henry Williams to quit and give them possession of the above described house.

That the said Henry M. Williams is now in arrears of rent and has failed and refused to work for said company. J. L. Gunter.

Sworn to and subscribed to before me this the 6th day of August, 1912. Henry Buff, Magistrate."

The following is the notice served by the magistrate:

"State of South Carolina, County of Lexington.

To Henry Williams: You are hereby required to show cause before the undersigned, Henry Buff, magistrate, at his office in Brookland Bank building, within three days from the personal service of this notice, why you should not be ejected from the premises now occupied by you in the town of Brookland, on Saltwell street No. 59, and owned by Columbia Mills Co., according to the act of the Assembly

of the State of South Carolina, passed the 22d day of March, Anno Domini eighteen hundred and seventy-eight. ·

Witness my hand and seal this 7th day of August, A. D. 1912. (Signed) Henry Buff, Magistrate." (L. S.)

The plaintiff, Mr. Williams, saw the magistrate and told him he could not move as he did not have another place, and he wanted time to secure a new place.

There is some evidence that there were more than one interview and some promise by the magistrate, but no evidence of any formal return or other reason for failure to quit, except that Mr. Williams wrote a letter addressed to the company and the magistrate in which he stated that his rent was not in arrears, and he was entitled to thirty days' notice to quit.

This letter he showed to an officer of the company, but there is no showing that it was called to the attention of the magistrate.

The warrant of ejectment is as follows:

"State of South Carolina, County of Lexington.

By Henry Buff, magistrate, in and for the said county, in the said State.

To Any Lawful Constable—S. P. Venson:

*Whereas,* Complaint has been made by Columbia Mills Company, through their agent, J. L. Gunter, a notice to show cause why he should not be ejected from certain premises unlawfully occupied by him, was duly served upon Henry M. Williams on the 7th day of August, 1912; and,

*Whereas,* The said Henry M. Williams having appeared and made answer to the said notice, within three days thereafter, to wit, on the 7th day of August, 1912, and no sufficient cause having been shown by the defendant aforesaid;

These are, therefore, to authorize and require you forthwith to eject the said Henry M. Williams and all and every person whatsoever in possession of the said premises, by or through the said Henry M. Williams, and to deliver to

the said Columbia Mills Company, or their agent, J. L. Gunter, their heirs and assigns, full possession of the same.

Herein fail not, under pain of the penalties that will fall thereon.

Witness my hand and seal this the 17th day of August, 1912.   Henry Buff, Magistrate." (L. S.)

This action was brought for the ejectment under an invalid proceeding and for unnecessary force in the progress of the ejectment.

The defendant denied the use of unnecessary force, the invalidity of the proceedings, and pleaded the estoppel of the judgment in ejectment.

The pleadings are long, but this statement shows the issues before this Court.   The case was tried before a jury and judgment given for the plaintiff.

From this judgment the defendants appeal upon nine exceptions.   The appellants have stated the questions in shorter form in their argument, and these will be adopted in part.

"The first exception alleges error on the part of the trial Judge in admitting the testimony of Henry M. Williams; that he had arranged to give a barbecue and that he wanted to be excused from working for one or two days in order to prepare and give a barbecue, was the cause of his discharge by defendant."

The effect of this statement was merely that the respondent quit the appellant's work to attend to his private enterprise.   There was nothing objectionable in that statement, and the objection can not be sustained.

The second exception claims that the plaintiff was allowed to give his estimate of the amount of damage done to furniture in moving it.   The plaintiff had stated the facts and could give his estimate of the amount of damage.

The third exception alleges error in the trial Judge in admitting evidence of Lillian Sightler to the effect that she had paid the rent of the house occupied by the plaintiff for three weeks after the plaintiff had quit work in the mill.

If the question of the payment of rent was an open one, then it made no difference whether the plaintiff paid his own rent or it was paid by another, and this exception can not be sustained on this ground. Whether it was an open question in this action we will see later.

"The fourth exception alleges error in admitting the evidence of J. Wesley Williams to the effect that he knew operatives who rented houses in the mill village, who had only one hand working in the mill."

This exception can not be sustained. The appellant undertook to show that there was a rule that a family that furnished only one hand for the mill could not hold such a house as that occupied by Mr. Williams. It was directly in reply to this to show that there were several families that furnished only one hand and occupied the same kind of house.

The appellant asked his Honor, the presiding Judge, to charge the jury that if they believed that the defendant applied to a regular magistrate for ejectment proceedings and that the notice required by the statute was served, and no sufficient cause shown, and the magistrate issued his warrant of ejectment from which the plaintiff did not appeal or take any proceedings to set it aside, and no unnecessary force was used in the ejectment, then the jury should find for the defendants. In other words, until the ejectment proceedings were set aside, the plaintiffs were estopped to show that he was wrongfully dispossessed by reason of these proceedings. This request was refused.

The proceedings are under the statute, which, with its amendments, is now section 3509, Code of Laws of South

Carolina, vol. I, and provides: It shall be lawful for the person so letting said premises to apply to a magistrate, whose duty it shall be to have a notice served upon the person so refusing to be dispossessed, to show cause before him, if any he can, within three days from the date of said personal service of such notice, why he should not be dispossessed, and if he fails to show sufficient cause, it shall be the duty of the magistrate, forthwith, to issue his warrant directed to the sheriff of the county, or any constable thereof, requiring him without delay to dispossess said person from the premises so let, and authorizing him to use such force as may be necessary.

Complaint was made to the magistrate; he issued a notice to quit. In his warrant of ejectment, he finds that no sufficient cause was shown. There was but one thing for the magistrate to do.

This section applies to tenants whose leases have expired and tenants who have not paid their rent. If the person on whom the notice is served would deny his tenancy, or that his lease has expired, or that his rent is in arrears, he must do so in that proceeding and make his showing to the magistrate. If he does not see fit to do so, he must go out or the magistrate must have him put out. If the person on whom the notice is served comes in and makes his showing before the magistrate that he is not the tenant of the claimant or that his lease has not expired, or his rent is paid, then the magistrate must have a hearing and the claimant must make his showing.

There is nothing in this in conflict with *Richland Drug Co.* v. *Moorman,* 71 S. C. 236, 59 S. E. 792. In that case the person notified came in and claimed title.

It is true that the statute provided that a tenant "wrongfully dispossessed" may have his action for damages, but until he gets rid of the judgment in the ejectment proceedings he is estopped by that judgment to show that he is "wrongfully dispossessed."

In *Ex parte Townes,* in 97 S. C. 56, 81 S. E. 278, this Court has recently held that it is the duty of one served with process to make answer, even when the answer would have deprived the magistrate of jurisdiction to hear the cause. Miss Townes, in that case, ignored the summons and she was not only bound by the judgment, but denied the right afterwards to have it opened. A Court is entitled to have its processes respected.

In *New York Life Insurance Company* v. *Mobley,* 90 S. C. 552, 73 S. E. 1032, this Court held that an action to set aside a judgment rendered in a case in which it was alleged that the defendant was not served with the summons, was a collateral attack, unless the defect appeared on an inspection of the proceedings.

The findings of the magistrate in ejectment proceedings is a judgment in those proceedings, and it cannot be attacked collaterally in this or any other case. Of course this does not refer to an abuse of process after judgment, but those facts that would have prevented the issuance of the warrant of ejectment should have been set up in those proceedings. The respondent in this case is bound as long as those proceedings stand.

This exception is sustained.

Exceptions 6, 7 and 8 raise the questions of punitive damages under this statute. The statute (Civil Code 1912, sec. 3509) says, "that in case any tenant is wrongfully dispossessed, he, she or they, may have an action for damages against said landlord."

The statute (Civil Code 1912, sec. 3509) does not restrict the damages and the Courts have no right to do so.

The last exception complains that there is no evidence upon which to base a finding of punitive damages. There was no motion for a nonsuit or direction of a verdict on that ground and this exception can not be considered.

The judgment appealed from is reversed.