## 9625

### WHITMAN v. SEABOARD AIR LINE RY.

#### (92 S. E. 861.)

1. DAMAGES — RIGHT OF ACTION — SPECULATIVE DAMAGES. — A damage action for fraudulently preventing plaintiff suing for personal injuries within the statutory period cannot be maintained, because the damages, being based upon those which a jury might have given if the action had been brought within the time limited would be purely speculative.

2. FRAUD—SUFFICIENCY OF EVIDENCE.—Where there was no proof that the prediction of defendant railroad's physicians that plaintiff would entirely recover was not carefully and honestly made, the evidence is insufficient to sustain a finding of fraud, especially where plaintiff had nearly two years to ascertain the facts himself before his cause of action was barred by the statute of limitations.

3. FRAUD—OPPORTUNITY TO LEARN FACTS.—A fraud action cannot be maintained, where plaintiff had abundant opportunity to ascertain the truth.

Before SHIPP, J., Chesterfield, August, 1916.   Reversed.

Action by H. R. Whitman against the Seaboard Air Line Railway.   Judgment for plaintiff, and defendant appeals.

*Messrs. Stevenson & Prince* and *Edward McIver,* for appellant.

*Messrs. Stevenson & Prince* submit: *This action was admittedly dead on the two first causes of action; hence the whole basis of his claim.   It was not barred; it was dead:* 70 S. C. 259, 260; 239 U. S. 199.   And cite: *As to statutory cause of action:* 70 S. C. 258; 60 L. Ed. Co. of Adv. Sheets 121; 57 L. Ed. U. S. 520.   *No fraudulent misrepresentations of fact:* 125 U. S. 147; Fetter Equity 135; Laches, Fetter Equity 136.   *Speculative damages:* 83 Cal. 7; 22 Me. 131; 42 Ind. 181; 14 Neb. 369; 44 Minn. 454; 20 Am. St. Rep. 589; 76 S. C. 348; 90 S. C. 536.   *Tender before rescission:* Fetter Equity 139; 56 S. C. 515; 61 S. C. 459.

*Mr. W. P. Pollock,* for respondent.

February 10, 1917.                    .

The opinion of the Court was delivered by MR. JUSTICE FRASER.

On the 3d day of August, 1911, the plaintiff herein was in the employ of the defendant railroad company, as agent at Kollock, a railroad station in this State. That night the plaintiff was told that the switch lights were not burning, and, as it was a part of his duties to see that these lights were kept burning, he went to the south light and lighted it, and then went to the north light. When he got to the north light, he thought it necessary to fill the lamp, and took it down and filled it. He then put it on the crosstie and sat down on the switch tie. From that time on there is only an inference as to what happened that night. There is some conflict of statement as to whether he went to sleep or fainted. So far as this case is concerned, it does not matter. The switch tie was longer than the other crossties. The last he remembers he was sitting on the switch tie, about 18 inches outside of the rail. The next thing he remembers is that he was lying about 15 feet from the rail and about 10 feet further north, badly injured. His leg was broken, his head cut and his body bruised. The plaintiff called for help, but no one came. He went into unconsciousness again. His wife found him about daylight, and with help, which she summoned, took him to his house. He was taken to Columbia and put in the hospital, under the care of the railroad physicians, where he remained until November 22, 1911. Before the plaintiff left the hospital, and while still under the care of the physicians of the defendant, the plaintiff executed a release of the defendant, and was paid the sum of $100 therefor. The plaintiff stated that he was told by the agents of the defendant that he would be entirely restored to health and given employment, and in consideration of these represenations and the money paid he executed the release. The plaintiff went back to work for the defend-

ant, but found, after two years, that he could not stand the work and quit the service. The plaintiff's wife then applied to the defendant for assistance, and was given another check for $150, and signed a new release. This last check was returned to the defendant, and the plaintiff offered to return the $100 paid for the first release. On the 13th of December, 1915, this action was brought.

There were three causes of action: (a) An action for damages under the Federal Employers' Liability Act (Act April 22, 1908, c 149, 35 Stat. 65 [U. S. Comp. St. 1916, sections 8657-8665]) ; (b) an action at common law for the injuries; (c) an action to set aside the release for fraud, and an action for fraud in preventing the plaintiff from bringing the action within the statutory period of two years, allowed by the federal statute. The defendant demurred to the complaint, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The record shows that the presiding Judge passed on this demurrer formally on the motion to direct a verdict, so the question can be considered later. At the close of the testimony the defendant moved for a direction of a verdict for the defendant. A verdict was directed as to the first and second causes of action, and, as the plaintiff did not appeal, those two causes of action pass out of the case. The motion to direct a verdict as to the third cause of action is based upon three grounds:

1. That the plaintiff's injury is based upon the loss of the judgment he would have secured if his action had been brought within the statutory period, and there is no way to ascertain what that judgment would have been. In other words, the basis of recovery is speculative, and speculative damages cannot be recovered. The presiding Judge held that the basis of recovery was not what another jury would have given, as that would be purely speculative; but the jury in this case could make their own estimate, after hearing the facts of the case. We have been

cited to no authorities directly in point by either side, and
we have been able to find none. We do not agree with the
trial Judge. The plaintiff lost the benefits of the suit he
would have brought. When this jury was allowed to make
its own estimate of the injury, there was a substitution of
their independent judgment for that of an unknown and
unknowable jury. It is manifest that, if the charge of fraud
can set aside the statute of limitations, then the statute of
limitations is nullified. The amount claimed in the com-
plaint was $50,000, and the verdict was $10,000. The
amount of the verdict was the estimate of that particular
jury, and final as to amount, subject only to the power·of the
presiding Judge to reduce it according to law. The verdict
should have been directed on this gound.

2. The second ground was the failure to direct a verdict
as to punitive damages. There was no evidence to show
that there was any wilfulness or wantonness, nor the adop-
tion of such wilfulness and wantonness, as required by the
federal decisions.

3. The defendant complains that his Honor refused to
charge that there was no evidence of fraud. In .so far as it
affected the prevention of a suit within the two years allowed
by the statute is concerned, it certainly should have
2, 3   been charged. The plaintiff was discharged from
the hospital on the 22d of November, 1911. The
time to bring the action did not expire until August, 1913.
During that time the plaintiff was free from the supervision
of the employers of the defendant. He was working on a
salary, and had every opportunity to ascertain the facts for
himself from entirely independent sources. Under *Mobley*
v. *Quattlebaum,* 101 S. C. 221, 85 S. E. 585, one cannot rely
upon the misstatement of facts, if the truth is easily within
his reach. The statement in this case was a prognosis—a
mere opinion as to what the future would show. In the
recent case of *Ballenger* v. *Southern Railway,* 106 S. C. 200,
90 S. E. 1019, an opinion was allowed as a basis of an alle-

gation of fraud, because there was evidence that a superficial inspection would not warrant an opinion; that an X-ray was necessary, and no X-ray examination was had. Here there was a prognosis as to the future, and absolutely no evidence to show that anything was omitted that should have been done before the opinion was given, or to cast suspicion on the good faith of those who made the statement. There is no evidence of fraud; but, even if there had been fraud, its effect was destroyed by the abundant opportunity to learn the truth.

4. The action was barred by the federal statute, and a verdict should have been directed for the defendant. The other questions have become speculative.

The judgment of this Court is that the judgment appealed from is reversed, and the case is remanded to the Court of Common Pleas for Chesterfield county, with directions to the clerk of that Court to enter judgment for the defendant.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY concurs in the result.