16082

BROWN v. VOLUNTEER STATE LIFE INS. CO.

(48 S. E. (2d) 507)

538

*Messrs. Thomas, Cain & Black,* of Columbia, for Appellant,

*Messrs. C. T. Graydon, F. Ehrlich Thomson* and *J. Bratton Davis,* all of Columbia, for Respondent,

*Messrs. Thomas, Cain & Black,* of Columbia, for Appellant,

May 24, 1948.

TAYLOR, J. : This appeal involves a case tried by the Richland County Court before Honorable Legare Bates and a jury at the May, 1946, term. The action seeks to have a policy of insurance on the life of William Jones Brown reformed so as to strike therefrom a War and Aviation Clause and to recover on the policy as reformed. The Complaint alleges that the War and Aviation Clause was falsely and deceitfully inserted in the policy in violation of an agreement entered into by and between the insured, William Jones Brown, and defendant's agent; and that the inclusion of the clause in the policy was never called to the attention of the insured. This action is by the beneficiary of the policy, the father of the insured. It appeared, without contradiction, that the insured died as a result of an airplane accident sustained at Eagle Pass, Texas, while the insured was a member of the armed forces. A verdict was returned for plaintiff.

At appropriate times, the defendant made motions for nonsuit, directed verdict and for judgment notwithstanding the verdict and for new trial, all of which were refused by the trial Court.

The transcript reveals eleven exceptions, which, however, appellant concedes raise only three questions; namely (1) whether the Court erred in failing to grant appellant's motions for non-suit, directed verdict and judgment notwithstanding a verdict; (2) whether the Court erred in allowing interest; and (3) whether the Court erred in settling the case for appeal.

It appears from the record that a brother of the insured, H. A. Brown, Jr., in the fall of 1941 (several months prior to the issuance of the policy here involved), applied to the defendant company and received from it a policy on his, H. A. Brown's, life which did not contain the War and Aviation Clause. Being interested in having his brother procure a like policy on the brother's life, H. A. Brown and the agent of the defendant company prepare and forward to William Jones Brown, who resided in Decatur, Alabama, an application for the signature of William Jones Brown. This application, being for a non-medical examination policy, the company refused to issue the policy on that application. The record gives some indication that the policy that H. A. Brown had in view at the time of the making of this application was without the War and Aviation Clause, but the record is bare of any indication that H. A. Brown informed his brother of this fact. In the meantime, the first application having been refused by the company, William Jones Brown moved to Columbia, and a new application was made by him direct to the local agent of the defendant company. H. A. Brown testified (pages 56-59, Tr.) that he knew nothing of this second application. In the second application, there was no reference to a War and Aviation Clause, but this application contained space for "Home office corrections or additions," and contained an agreement at the bottom "That any acceptance of any policy issued on this application, whether or not upon the form applied for herein, will constitute a ratification by me of any change in the form of the policy or correction in or addition to the application

made by the company in the space above headed 'Home office corrections or additions', photostatic copy of which attached to the policy constitutes sufficient notice to me of the change made."

Upon reeipt of this second application at the home office of the defendant company, there was inserted in the blank entitled "Home office corrections or additions" the following: "Issued with War and Aviation Clause. Special incontestable clause." When issued, the policy contained a War and Aviation Clause, set forth in large type, which the most casual examination of the policy would have disclosed. The policy was delivered to either Henry A. Brown, brother of the insured, or to William Jones Brown, the insured, and was by one of them transmitted to the beneficiary named in the policy, namely Henry A. Brown, Sr. Thus it will be seen, the insured had constructive possession of this policy, and the beneficiary had the actual possession of the policy from the date of the issuance until the death of William Jones Brown on March 20, 1944; and during all that period, no word of a complaint was heard that the policy had not been written in accordance with the agreement when applied for.

It does not appear that any alleged act of fraud connected with the policy was ever communicated to any actual party at interest, or that any alleged misrepresentation thereabouts was or could have been relied upon by any party at interest.

"A representation, to be relied upon, must come to the knowledge of the complaining party, and it must appear that it was made directly or indirectly to him, *since it cannot be supposed that he was influenced by a statement which was neither made nor communicated to him.* In other words, it is wholly immaterial that false statements were made unless in some way they were brought home to the other party and were suffered to influence him in making the contract in question." 23 Am. Jur. 942, Sec. 142. (Emphasis added.)

It further appears that the policy was issued in accordance with the agreement contained in the *second* application, and, that being true, there could be no mutuality of mistake so as to afford reformation.

The judgment of the lower Court accordingly should have been for the plaintiff in the amount of $147.00, the sum of the premiums paid, as to which it will be noted, defendant below and appellant here, offered to confess judgment in its Answer. The judgment is accordingly so modified, appellant being allowed costs.

Judgment modified.

BAKER, C.J., and FISHBURNE and OXNER, JJ., concur.

STUKES, J., concurs in result.

### ON PETITION FOR REHEARING

PER CURIAM.

Respondent earnestly contends in his petition for a hehearing that we have reviewed the evidence and reached factual conclusions different from those found by the jury and trial Judge, contrary to Article 5, Section 4, of the Constitution. It is true that under this constitutional provision we are not at liberty in equity cases to review the findings of fact which are "settled by a jury and the verdict not set aside", by the trial Judge, where there is any evidence supporting such factual conclusions. But in this case there was no proof either of mistake on the part of the insured or of fraud and deceit on the part of appellant. Hence the question passed upon by us was not the sufficiency of the evidence but whether there was any evidence to establish the essential elements of a cause of action for reformation. In *Aiken Petroleum Co. v. National Petroleum Underwriters of Western Millers Mutual Fire Insurance Co. of Kansas City, Missouri,* 207 S. C. 236, 36 S. E. (2d) 380, so strongly relied on by respondent, there

was ample evidence to support the verdict of the jury which was accepted and affirmed by the trial Judge.

The petition for a rehearing is denied. We have, however, concluded, and the Clerk of this Court is instructed, to delete the following paragraph from the opinion:

"See also, in connection with the opportunity for examination and discovery of the inclusion of the War and Aviation Clause, a long line of cases from this Court, including *Whitman v. Seaboard Air Line Ry.*, 107 S. C. 200, 92 S. E. 861, L. R. A. 1917-F, 717; *J. B. Colt Co. v. Britt*, 129 S. C. 226, 123 S. E. 845; *Frierson v. Inter-Ocean Cas. Co.*, 168 S. C. 178, 167 S. E. 232; and *Hood v. Life and Cas. Ins. Co. of Tennessee*, 173 S. C. 139, 175 S. E. 76."

This order will be published along with the opinion.