16893

THOMPSON v. RUTLAND

(88 S. E. (2d) 163)

486

*Jesse W. Boyd, Esq.,* of Spartanburg, *for appellant,* ▮

*Messrs. George F. Abernathy,* and *Paul S. McChesney, Jr.,* of Spartanburg, *for Respondent,* ▮

July 19, 1954.

STUKES, Justice.

Respondent, an illiterate farm hand, was employed by appellant farm-owner at thirty cents per hour for a sixty-hour week and was furnished a two-room house in which he, his pregnant wife and four children lived; he was paid proportionately when he "made" more or less than sixty hours during a week. Respondent quit work about November 1st; appellant took his fuel, upon which he owed a small balance, shut off water and lights from the house, and when respondent did not immediately vacate, brought ejectment proceedings on Nov. 5, and pending the return date in the court of magistrate he distrained for rent upon respondent's furniture, which was not exempt from such process.

Respondent and his wife appeared on the ejectment return date before the magistrate who then announced, in effect, that they had not shown sufficient cause why they should not be ejected but, according to the testimony, "gave five days" from the date of the hearing, which was November 16, in which to move. It appears to be conceded that this had reference to the five days in which respondent may have appealed from the Magistrate's judgment of eviction and that respondent could not have been legally evicted within five days after an effective judgment of eviction. The following November 27 the magistrate issued his order which is not in the appeal record but presumably was a proper warrant of ejectment. (Unfortunately,

the magistrate died before trial of this action.) The issuance of such is provided by the terms of section 41-104 of the Code of 1952, Landlord and Tenant, which provides, in such a case as this, that, quoting, "The magistrate *shall issue a warrant of ejectment* and the tenant shall be ejected," etc. (Emphasis added.) This clearly contemplates the issuance of a written warrant and an oral pronouncement of the magistrate cannot reasonably be deemed to be the equivalent of this statutory requirement. This conclusion will dispose of the appeal, in the main, as will be seen.

Respondent and his wife testified that they left the house for lack of fuel and water before the hearing in the magistrate's court, and he went back with a truck within five days afterward and found that the door of the house was secured by a padlock, so that he could not enter and remove his belongings. Thereafter he returned to the house and discovered that the most of his furniture, his bedding, bed linen and clothes had been placed in the yard, exposed to repeated rains by which it was damaged. Other evidence established that later appellant had another farm hand haul the castout furniture, bedding, etc., to another of his farms in a different county, where it was stored in a barn. This other farm hand was the son-in-law of respondent but there is no evidence that he acted in behalf of respondent, and he was still in the employ of appellant at the time of the trial of this action.

The magistrate's constable testified that he distrained respondent's property on November 13, he having before served the ejectment notice on November 5. He further testified that he executed the warrant of ejectment on November 29 and set respondent's "stuff" in the back yard, after which he secured the house with a lock which he thought appellant had sent for the purpose. It is noted again that the written authorization of the magistrate for the ejectment of respondent was dated Nov. 27. The conceded five days had only one-fifth run upon the execution of the warrant—this under the evidence offered by appellant.

The action was for damages for conversion of the personalty, consisting of the household goods, clothing, etc., of respondent other than that which had been distrained for rent. The defense was, in substance, that the property was removed from the house under process from the court of magistrate, and that it was subsequently stored for the use of respondent.

Appellant's motion for directed verdict, generally and as to punitive damages, was refused and there were submitted to the jury the issues of whether appellant had committed a trespass upon the property of respondent whereby it was damaged and, if so, the amount; and whether appellant had converted the property to his own use and, if so, the value; the issue of punitive damages, demanded in the complaint, was also submitted to the jury. They returned verdict for respondent in the amount of $525.00 actual damages for conversion. On motions by appellant for judgment *non obstante veredicto* and for new trial, the court ordered a new trial *nisi,* requiring respondent to remit $42.55, which he did, thereby reducing the verdict to $482.45, which was the total of the highest values attributed to the property in the testimony.

Appellant principally relies upon *Williams v. Columbia Mills Co.,* 100 S. C. 363, 85 S. E. 160, to the effect that an unreversed judgment of a magistrate whereby a tenant is dispossessed estops him from claiming damages for eviction, except for excessive force which may have been used. However, no claim of damages for wrongful eviction was submitted to the jury in the trial of the case in hand; and the verdict was for damages for conversion of the property by appellant which resulted from his taking possession and from his unwarranted, because untimely, removal of it from the house and finally taking it away to other premises of appellant in another county. The crux of the case, as indicated above, is appellant's contention that the warrant of ejectment was effective upon the oral announcement of judgment by the magistrate on Nov. 16 and not upon its

actual, subsequent issuance on Nov. 27. In view of the quoted statute, that is untenable.

The following significant testimony is from that of appellant himself:

"Well, we had the hearing and they (respondent and his wife) agreed to get out within five days, and they didn't do it and they stayed right on. I waited a little while, went down to the Judge again to find out what we could do, and he said we could put them out."

Inferably, it was after appellant's last visit to the magistrate, referred to in the quoted testimony, that the warrant of ejectment was issued, and executed on the second day after. Meanwhile, according to respondent's evidence (his own, his wife's and another's testimony) appellant had padlocked the house so that respondent could not gain entrance to it. Afterward the conversion was completed, as stated above and found by the jury, of respondent's property which was not subject to distress for rent. See Code sec. 41-152. Incidentally, appellant's right under the circumstances to distrain for rent was not made an issue in the case and has, therefore, not been considered.

Viewing the evidence in the light most favorable to respondent, which is proper in the consideration of appellant's motion, the verdict (as modified by the order *nisi*) was well supported by the facts and, therefore, cannot be disturbed upon appeal. This disposes of appellant's second and third questions.

The first and only other, question submitted by appellant imputes error in the contended charge to the jury that the judgment of ejectment was legally effective only from the date of the magistrate's formal order or warrant. Answer of it adverse to appellant has been anticipated. Under the cited section of the code, which governs, there can be no valid verbal warrant of ejectment.

The exceptions are overruled and the judgment affirmed.

490

TAYLOR and OXNER, JJ., and T. B. GRENEKER, A. A. J., concur.

BAKER, C. J., not participating.