18681

Bruce POWELL, Respondent, v. Nan Edwards POWELL, Appellant
(156 S. E. (2d) 305)

*William I. Bouton, Esq.,* of Greenville, *for Appellant,*

**664**

*J. Wiley Brown, Esq.,* of Greenville, *for Respondent.*

July 25, 1967.

BRAILSFORD, Justice.

In this action the wife appeals from a decree of the Court of Common Pleas for Greenville County, awarding a divorce to the husband on the ground of desertion and denying alimony.

In a prior action brought by the wife against the husband, after the parties had separated, the Juvenile and Domestic Relations Court for Greenville County awarded separate support to the wife. The factual basis of the award was the court's determination that the wife had left the marital abode for good cause, *i. e.,* the husband had ordered her to leave, and had put her in fear of severe bodily harm should she refuse. The decree of the domestic relations court was filed June 23, 1965. The husband gave notice of intention to appeal. However, instead of perfecting the appeal, he commenced this action for divorce in the circuit court.

The wife pled the prior judgment, particularly the determination of the domestic relations court that she had just cause and excuse for leaving the husband, as a bar to his action. The primary issue on this appeal is whether this plea should have been sustained. An affirmative answer is required.

The jurisdiction of the Juvenile and Domestic Relations Court for Greenville County is concurrent with that of the

Court of Common Pleas of certain interspousal actions, including actions for separate support and for divorce. The appellate jurisdiction of the Court of Common Pleas over judgments of the domestic relations court has not been invoked and has no bearing on the appeal. The two courts have concurrent original jurisdiction of the subject of both actions, and the case is exactly the same as though both had been brought in the same court or in courts of equal rank. 50 C. J. S. Judgments § 604.

It is hornbook law that a prior judgment of a court having jurisdiction of the parties and the subject matter is conclusive in any subsequent action between the same parties, or their privies, of all questions which were actually litigated in the prior action and determined by the judgment, regardless of whether the subsequent action involves the same or a different cause of action. 30A Am. Jur., Judgments Section 371; 50 C. J. S. Judgments § 687; Annot. 90 A. L. R. (2d) 754.

The husband's action for divorce is founded upon his claim that the wife deserted him without just cause or excuse. This is the very point which was determined against him in the prior action, and he is precluded by the judgment in that action from relitigating the question. Therefore, the action for divorce must fail.

We find no merit in the husband's claim that the wife should not have the benefit of the defense because, according to him, she mistakenly pled it as *res judicata* rather than as estopped by judgment. Suffice it to say that the facts set forth in the answer were sufficient to invoke the principle that the former judgment precluded the husband from relitigating the issue of desertion. She was not required to put a label on the defense, nor need we.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.