## 18967

Hattie Ruth JONES, Appellant, v. George Bennett HAMM, a Minor
Over the Age of Fourteen Years, Respondent

(170 S. E. (2d) 206)

*Messrs. Blease, Griffith & Stone,* of Newberry, *for Appellant,*

*Messrs. Jefferies & Groves,* of Greenwood, *for Respondent,*

October 8, 1969.

BRAILSFORD, Justice.

Following an automobile collision, plaintiff sued defendant in the United States District Court for injury to her person and to her automobile. Jury trial was waived, and the court, finding that the collision was caused by the defendant's negligence without contributory negligence by plaintiff, awarded judgment for $7,500.00 for personal injury. Noting that the evidence as to the ownership of the automobile was not clear, the court made no finding as to property damage but sought to preserve this claim by the following provision of its order:

"The findings and conclusions here are without prejudice to the right to pursue for property damages in any proper forum."

After payment of the judgment, the trial court passed an order undertaking to transfer the action to the Court of Common Pleas for Newberry County, as follows:

"By agreement of the parties, the action for recovery of damages to the Cadillac automobile is hereby transferred to Newberry County in the Court of Common Pleas, it being agreed by the attorneys for both sides that the said Court was the proper Court for jurisdiction of the matter.

*"It is therefore ordered, adjudged and decreed* that the question as to the damage to the Cadillac automobile is

hereby transferred to the Court of Common Pleas for Newberry County."

Thereupon, by service of a summons and complaint plaintiff commenced this action for property damage in the Court of Common Pleas for Newberry County. The former recovery was alleged in the complaint and relied upon as determinative of the issue of liability. The defendant, claiming the right to a trial *de novo* of all issues, successfully moved that reference to former judgment be stricken from the complaint. Plaintiff appeals from the order granting this motion.

Plaintiff's right to maintain this second action, after recovery of judgment in the first, was not challenged in the court below and is not an issue on this appeal. Assuming the action to be maintainable, the sole question here is whether the former judgment is conclusive against the defendant on the issues of actionable negligence and contributory negligence.

It is hornbook law that a prior judgment of a court having jurisdiction of the parties and the subject matter is conclusive in any subsequent action between the same parties, or their privies, of all questions which were actually litigated in the prior action and determined by the judgment, regardless of whether the subsequent action involves the same or a different cause of action. *Powell v. Powell*, 249 S. C. 663, 665, 156 S. E. (2d) 305, 306 (1967). For other cases see 12 West's South Carolina Digest, Judgment, Key No. 720 (1952).

This principle is decisive of the issue here. The district court had jurisdiction of the parties and the subject matter in the former suit. The issues of actionable negligence and contributory negligence were there necessarily involved and expressly adjudicated. The former adjudication of these issues is conclusive in this subsequent action between the same parties.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.