Henry D. PRICKETT and Erna P.
Prickett, Plaintiffs,
v.
DUKE POWER COMPANY, Defendant.

Civ. A. No. 68–812.

United States District Court,
D. South Carolina,
Greenville Division.

March 13, 1970.

Clifford F. Gaddy, Jr., Greenville,
S. C., for plaintiffs.

Andrew B. Marion, Greenville, S. C.
(Haynsworth, Perry, Bryant, Marion &
Johnstone), Greenville, S. C., Carl Horn,

Jr., Steve C. Griffith, Jr., Charlotte, N. C., for defendant.

## OPINION AND ORDER·

DONALD RUSSELL, District Judge.

Contending that in an earlier action in this Court brought by the plaintiffs against the defendant, the defendant had secured a summary judgment on the basis of what plaintiffs argue were false or perjured affidavits, the plaintiffs sue in fraud. The defendant has now moved for summary judgment in this action. After the filing of the motion for such summary judgment, the plaintiffs asked leave to amend to ask for the re-opening under Rule 60(b), Federal Rules of Civil Procedure, (28 U.S.C.), of the earlier judgment of this Court.

The motion of the plaintiffs for leave to amend is denied and the motion of the defendant for summary judgment is granted.

■ Clearly, the plaintiffs have no right to relief under Rule 60(b). The record shows admittedly that the motion to reopen comes almost two years after the entry of the judgment it seeks to re-open. A motion for relief on "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" under Rule 60(b) must be entered "not more than one year after the judgment, order, or proceeding was entered or taken." See, Capital Investors Company v. Devers (4th Cir. 1967) 387 F.2d 591, 592.

■ So far as the original complaint herein is concerned, it should be noted at the outset that the plaintiffs rest their claim of fraud upon alleged misstatements in certain affidavits submitted by the defendant in support of its motion for summary judgment in the earlier action. Such affidavits, so submitted by the defendant, established, unless controverted, the defendant's right to summary judgment. In this situation, the plaintiffs could not remain silent. They were under an obligation, if they wished to oppose the motion, to be diligent in inquiring into the facts and replying with facts to rebut those set forth in the movant's affidavits. See, Southern Rambler Sales, Inc. v. American Motors Corp. (5th Cir. 1967) 375 F.2d 932, 937–8, cert. den. 389 U.S. 832, 88 S.Ct. 105, 19 L.Ed.2d 92, and Minnesota Mining & Mfg. Co. v. United States Rubber Co. (4th Cir. 1960) 279 F.2d 409, 415. If either additional time or discovery was necessary to enable plaintiffs properly to rebut such affidavits, the plaintiffs had a plain right to seek such from the Court. Slagle v. United States (5th Cir. 1956) 228 F.2d 673, 678. They did nothing and thus conceded by default the accuracy and truthfulness of the facts stated in the defendant's affidavits.

Such default on plaintiffs' part was in no way due to any act of the defendant. The plaintiffs were not obstructed in their ability to controvert the defendant's affidavits by anything done by the defendant. At least some of the facts stated by the defendant in its affidavits were easily verifiable by the plaintiffs or their attorney. Thus, one of the issues—in fact, the crucial issue—was the width of defendant's right-of-way. This was a matter of public record, easily ascertainable by the plaintiffs or their attorney through an examination of the right-of-way deeds themselves, all of which were duly recorded. Yet, not even at the time of the hearing before me, had the plaintiffs or their attorney made any attempt to determine in ·the only proper way the extent of defendant's right-of-way.

It must be noted, too, that the plaintiff Henry D. Prickett is well-educated with considerable experience in the electrical trade itself and has been continuously represented by able counsel. His belated explanation that electrical engineers were not readily available to him for advice and that he was not personally suf-

ficiently acquainted with the issues to counter the defendant's affidavits is hardly borne out by the record. The point he argues most strenuously before me dealt with the width of defendant's right-of-way, and, as we have seen, the plaintiffs had ready means of verifying this fact. Moreover, he needed no electrical engineer to measure the distance between the houses and the proposed right-of-way. The crossing of power lines elsewhere by the defendant—one of the alleged misrepresentations—the plaintiffs sought to establish before me by plaintiff Henry D. Prickett's own affidavit, setting forth his personal observations; he relied on no electrical engineer's expert advice to supply this information. Moreover, this Court must take judicial notice that there are many electrical engineers in the immediate area of this very line. Clemson University is only a few miles from Greenville. It has an excellent Department of Electrical Engineering.

▇ To reiterate, the plaintiffs had ample opportunity to rebut the affidavits filed by the defendant in connection with its motion for summary judgment. They failed to take advantage of such opportunity or to use any diligence whatsoever to counter them. Their failure to use reasonable diligence and prudence in thus protecting their own interests deprives them of any right of action herein on the ground of fraud. This accords with the established rule applied repeatedly by the Courts of this State as well as by our own Circuit Court of Appeals. See Whitman v. Seaboard Air Line Ry. (1917) 107 S.C. 200, 203, 92 S.E. 861; Scott v. Newell (1928) 146 S.C. 385, 408, 144 S.E. 82; Rollison v. Washington Nat. Ins. Co. (4th Cir. 1949) 176 F.2d 364, 367; Shaw v. Great Atlantic & Pacific Tea Co. (4th Cir. 1940) 115 F.2d 684, 684–685.

▇ Moreover, if matters such as the plaintiff raises may be relitigated under the guise of new litigation, there will be no end to litigation. See, United States v. Throckmorton (1878) 98 U.S. 61, 68–69, 25 L.Ed. 93; Pico v. Cohn (1891) 91 Cal. 129, 25 P. 970, 13 L.R.A. 336, 25 Am.St.Rep. 159, quoted in 126 A.L.R. 393. Every disappointed litigant would be encouraged to reopen his suit with the assertion that his adversary's testimony was false. For this reason, Courts have wisely denied this right of continuous relitigation of the issues determined in the earlier action. This is particularly proper where, unlike the situation presented in a trial in which, because either of surprise or limitation of time, a litigant may claim inability to refute such testimony, the matter is heard on affidavits which the other party has ample time to consider and refute. See, Gray v. Barton (1886) 62 Mich. 186, 28 N.W. 813, 816–817; Moudry v. Witzka (1903) 89 Minn. 300, 94 N.W. 885, 885–886.

In Aetna Casualty & Surety Co. v. Abbott (4th Cir. 1942) 130 F.2d 40, 43–44, the Court stated the applicable principle thus:

"Even if the language be construed as charging that the judgment sued on was procured by means of perjured testimony, this would not be sufficient; for it is well settled that this constitutes no ground upon which the court could disregard the judgment or deny its enforcement in an independent proceeding. The frauds which justify such action in an independent proceeding between the same parties or their privies are those which are extrinsic or collateral to the matter tried and not frauds, such as perjured evidence, which were 'actually presented and considered in the judgment assailed.'"

▇ The distinction between the terms "collateral" and "intrinsic" fraud, as used in the *Aetna Case, supra,* was stated in Durham v. New Amsterdam Cas. Co. (4th Cir. 1953) 208 F.2d 342, 345. Specifically, "perjured evidence" is considered as "intrinsic" and will not

support an avoidance of the earlier judgment. Durham v. New Amsterdam Cas. Co., *supra*; Dowdy v. Hawfield (1951), 88 U.S.App.D.C. 241, 189 F.2d 637, 638, cert. denied 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628; Glade v. Allied Electric Products (7th Cir. 1943) 135 F.2d 590, 591–592; Chisholm v. House (10th Cir. 1947) 160 F.2d 632, 643; Bradburn v. McIntosh (10th Cir. 1947) 159 F.2d 925, 932–933; Brady v. Beams (10th Cir. 1943) 132 F.2d 985, 986–987, cert. denied 319 U.S. 747, 63 S.Ct. 1032, 87 L.Ed. 1702. And this is the rule that has been applied in South Carolina. Bryan v. Bryan (1951) 220 S.C. 164, 167–170, 66 S.E.2d 609.

There can accordingly be no impeachment in this action of the earlier judgment of this Court, either by an action in equity or by a suit in fraud; the earlier judgment is conclusive on the parties. See, Powell v. Powell (1967) 249 S.C. 663, 665, 156 S.E.2d 305; United States v. Throckmorton, *supra*, at p. 68 (98 U.S.), 25 L.Ed. 93. The plaintiffs' claim rests on what they assert was "perjured testimony" going to the very issues posed and determined by the judgment in the earlier action. Such a claim fits the definition of "intrinsic fraud", as defined in the cited cases, and will not support their right of action herein.

■■ Finally, though I find there is no merit in plaintiffs' cause of action as a matter of law, I should add in justice to the defendant and its counsel that there is no justification for the charge that the defendant resorted to perjured testimony in the earlier proceeding. Most of the matters that the plaintiffs claim were perjured represented opinion testimony and not statements of fact. What is "good engineering practice" is a question about which reasonable experts may and often do differ. The fact that there may be such differences hardly justifies the charge that one has perjured himself. Again, the dispute over the width of defendant's right-of-way is not to be resolved by a sign placed by defendant's predecessor in title on an electric tower four or five miles from the location involved here but by a construction of the right-of-way deeds themselves. The construction of such right-of-way deeds, as made by the defendant, I am convinced, was made in good faith.

For the foregoing reasons, the motion for summary judgment herein in favor of the defendant is hereby granted.

And it is so ordered.