**W. M. RANSOME, Plaintiff,**

v.

**Harold Lee MIMMS, Jr., and Universal Mortgage and Loan Co., a corporation, Defendants.**

**Civ. A. No. 70–893.**

United States District Court, D. South Carolina, Charleston Division.

Jan. 5, 1971.

proceedings instituted by the defendants, landlords, resulting in the eviction of the plaintiff, tenant. It is alleged that after the judgment of the magistrate evicting the plaintiff from the premises, on which he had operated a profitable business, the plaintiff was induced by the fraudulent representations of the defendant to forego his right to appeal from the magistrate's order. The complaint states two causes of action, one is for fraud and the second is characterized by plaintiff as being for abuse of process. As the court understood the argument of plaintiff's counsel, it is conceded by him that his cause rests entirely upon the action taken by the defendants after the decision of the magistrate had been rendered. As the judgment of the magistrate, adverse to the plaintiff herein cannot, at this date, be set aside, it is determinative of the issues therein decided.

The complaint sets forth two causes of action. The heart of the action for abuse of process is contained in the following paragraphs of the complaint:

### VIII.

The Plaintiff paid to the Defendants the sum of Two Hundred Twenty-Five ($225.00) Dollars per month, and in many months paid double that amount as an advance payment on said rental. The Plaintiff's rent was several months prepaid in early 1969 when the Defendants notified him to vacate the premises.

### IX.

On or about the 14th day of March, 1969, Defendant Harold L. Mimms, Jr. made application of Magistrate E. P. Blanton to compel the Plaintiff to vacate the premises described above, and processes of the Court, namely two Notices to Quit, were served on the Plaintiff while he was in the hospital suffering from a heart condition.

### X.

On or about the 27th day of March 1969, Magistrate E. P. Blanton held a

Ellis I. Kahn, and Gedney M. Howe, Jr., Charleston, S. C., for plaintiff.

Harvey M. Spar, Charleston, S. C., for defendants.

## ORDER

HEMPHILL, District Judge.

The defendants herein have moved under Rule 12(b) (6), Federal Rules of Civil Procedure, for dismissal of the complaint upon the grounds that it fails to state a claim for which relief can be granted. The controversy arises from

trial at which Defendant Harold L. Mimms, Jr. testified under oath that the Plaintiff was in default in his rent, among other things, at the time well knowing that this testimony was completely untrue. As a result thereof Magistrate Blanton issued on April 3, 1969, a Warrant to Remove against the Plaintiff.

### XI.

Thereafter, while the time for appeal of the decision of Magistrate E. P. Blanton was pending, Defendant Mimms, acting on behalf of himself and the Defendant Corporation, well knowing that the judgment of Magistrate Blanton was erroneous, promised to the Plaintiff that if he did not appeal that decision, he would furnish the Plaintiff with sufficient money to open up another similarly profitable business, the Defendants attempting to cure by agreement that which was defective and fraudulent.

### XII.

Plaintiff, acting in reliance thereon, did not perfect his appeal, which he is informed and believes would have resulted in obtaining a reversal of the decision made by Magistrate E. P. Blanton.

### XIII.

Thereafter, the Plaintiff made inquiry of the Defendant Harold L. Mimms, Jr., and recited the promise which was made by said Defendant to him at the time when the period for perfecting an appeal had not yet run, and the Plaintiff asked the Defendant Mimms for money to open up a business. The Defendant's reply was as follows: "I will give you a short answer: No."

### XIV.

Plaintiff is informed and believes that the Defendants used the processes of the Courts and did other acts, as described above, in a willful, illegal and improper manner, without prob-

able cause, to oust the Plaintiff from the premises described above, long before the term of the lease, including the option period, had expired, because they had an opportunity to construct on said premises a modern building and facility to be leased to an agency of the United States Government on a more profitable basis.

The cause of action for fraud restates the allegations of the first cause of action and contains two additional allegations.

### XVII.

The Plaintiff did not appeal the erroneously based decision of Magistrate E. P. Blanton in reliance on the promise of the Defendant Mimms, as aforesaid, to furnish him with sufficient funds to open up another similarly profitable business.

### XVIII.

The aforesaid representation was false, material and known by the Defendants to be false; it was made with the intention that it should be acted upon by the Plaintiff, who was ignorant of the falsity of the representation, and it was relied on by the Plaintiff in that he did not perfect his appeal; and he thereby suffered injury.

The defendants' argument with respect to the cause of action based upon fraud is that the situation revealed by the pleadings bars any possibility of recovery for the alleged fraud. The defendants' contention may be summarized as follows. The plaintiff alleges that he would have appealed had it not been for the fraud of the defendants. That presupposes that the appeal would have been successful. This must be so because the only way plaintiff could have sustained legal damages was for the appeal to have been successful and, therefore, the ejectment shown to be wrongful. The plaintiff alleges that the appeal would have been successful; but the outcome of the appeal is unknown and speculative. Another judge in another forum would have had to rule on

the question. Since the damages are based on a successful appeal, they are too speculative to afford a basis for compensation.

The defendants find strong support for their argument in the case of Whitman v. Seaboard Air Line Railroad, 107 S.C. 200, 92 S.E. 861 (1917). There the plaintiff, who was injured in a railroad accident, alleged that because of the fraud of the defendant railroad he did not bring suit for damages within the two-year statute of limitation. The defendant demurred. The lower court ruled on the demurrer in a motion for directed verdict and overruled the motion. The supreme court held that the motion should have been granted. The court agreed with the defendant in his argument that the plaintiff's injury was based on the loss of a judgment he would have secured had the action been brought within the two-year limitation. The court stated that if the jury were allowed to make its estimate of the injury, it would be a substitution of their judgment for that of an unknown and unknowable jury. The basis of recovery would have been speculative (what a previous jury would have done), and speculative damages were not recoverable.

Although that decision appears to be contrary to the considerable weight of authority in other jurisdictions,[1] it is under the *Erie* rule, binding upon this court, if it would bar recovery in the state courts of South Carolina.

This court is of the opinion that the present case may well be distinguished from the *Whitman* case. In that case the amount of the damages could be measured only by the amount that would have been found by some jury which never considered the matter because of the alleged fraud. In this case the amount of the damages, if in fact damages have resulted, is entirely independent of matters considered by the magistrate which, but for the alleged fraud, would have been considered on appeal by a state judge.[2] Though the court would have to make a determination as to whether the judgment of the magistrate would have been reversed in order to determine whether there had been any damage,[3] the amount of the damage would be proven by testimony not before magistrate and not relevant to the issues which he considered.

It may well be argued that to allow this action to be maintained defeats the purpose of the rule of res judicata.[4] It has long been the policy of the law to allow recovery for fraudulent conduct where the necessary elements are present.[5] Judgments long final may,

1. See Annot., 45 A.L.R.2d 5 (1956) discussing the liability of attorneys for negligence in handling of the plaintiff's cases, Annot., 45 A.L.R.2d 62, 63 (1956) stating that the measure of damages in negligence actions against attorneys is the amount which would have been recovered except for the attorney's negligence.

2. S.C.Code Ann. §§ 7–301 to 7–331 (1962) provide for appeals from inferior courts to the state circuit court. Appeal from a magistrate's court is allowed upon the whole record, the reviewing court having plenary jurisdiction to review both the factual and legal findings of the magistrate. S.C.Code Ann. § 7–313 (1962); Wright v. Ritz Theatre Co., 211 S.C. 161, 44 S.E.2d 308 (1947).

3. *E. g.*, Pete v. Henderson, 124 Cal.App. 2d 487, 269 P.2d 78, 45 A.L.R.2d 58 (1954).

4. Several South Carolina cases show that the magistrate's order for eviction cannot be attacked collaterally: Williams v. Columbia Mills, 100 S.C. 363, 85 S.E. 160 (1915); Prather v. Clover Springs Mills, 215 S.C. 103, 54 S.E.2d 529 (1949); Kirby v. Gulf Oil Co., 230 S.C. 11, 94 S.E.2d 21 (1956). See also, Whitman v. Seaboard Air Line RR, 107 S.C. 200, 92 S.E. 861 (1917) wherein it was stated that a charge of fraud in preventing the bringing of an action would not set aside the statute of limitations as the result would be to nullify the statute.

5. In Chisolm v. Gadsden, 1 Strob. 220, 47 Am.Dec. 550 (S.C.1847) it was stated

upon proof of extrinsic fraud, be set aside.[6] The fraud herein complained of is extrinsic in its nature. The plaintiff does not rely upon false testimony given at the hearing before the magistrate. Rather he complains of a fraudulent promise which was calculated to and did induce him to forego his appeal.

■■ In the absence of binding authority, the fact that in South Carolina extrinsic fraud is sufficient ground to justify relief from a final judgment convinces the court that a separate action may be maintained for that fraud. The desirable ends of the doctrine of res judicata give way to the strong policy of allowing adjudication of claims of extrinsic fraud in actions to vacate judgments. They must in this case give way in order that the plaintiff may have his day in court and justice be done between the parties. The fact that relief from the judgment is at this point impossible or impractical need not, in the opinion of this court, deprive this plaintiff of a remedy for the alleged fraud. Therefore, the relief asked by the defendants must, at this point, be denied as to the plaintiff's second cause of action.

■ The plaintiff's first cause of action is for abuse of process. That cause of action is recognized in South Carolina. In defining the tort in the case of Huggins v. Winn-Dixie Greenville, 249 S.C. 206, 153 S.E.2d 693 (1967) the court quoted Dean Prosser:

> The essential elements of abuse of process as the tort has developed have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct in the proceeding. Some definite act or threat not authorized by the process or aimed at the objective not legitimate in the use of the process, is required; and there is

no liability where the Defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance of any formal use of the process itself, which constitutes the tort.

(Prosser, Handbook of the Law of Torts, 2nd Ed., pp. 668–69.)

■ The above definition together with the other treatments of the tort considered by the court convince it that no cause of action has been alleged for abuse of process. It is settled that it is unnecessary to show that the proceeding complained of was instituted without probable cause or was terminated in favor of the defendant in order for him to recover for abuse of process. (1 Am. Jur.2d, Abuse of Process, § 7 (1962). The evil aimed at in the cause of action is the use of the process to gain a collateral advantage not contemplated by the process. The process must be used to coerce or extort some object not within its scope.

The complaint herein reveals that the process was an action for eviction. The alleged abuse of it was the false promise by the landlord, made to induce the tenant to forego his right to appeal. The only object sought by the landlord was the ultimate eviction of the tenant, which is the precise relief contemplated by the process. Therefore, the necessary attempt to use the process to achieve a result not contemplated by it

---

"* * * any fraudulent conduct injuring another is actionable without regard to the novelty of the case."

6. *E. g.*, Bryan v. Bryan, 220 S.C. 164, 66 S.E.2d 609 (1951) wherein is found a discussion of intrinsic and extrinsic

fraud. It is stated that while the former does not provide grounds for relief from a judgment, the matters alleged having been determined in a prior proceeding, extrinsic fraud does provide grounds for such relief where the fraud has prevented a party from fully trying his cause.

is absent. The alleged wrongful act of the defendant in this action was in the nature of "the carrot" rather than "the club". Further the alleged false promise was to secure the eviction, not to collect back rent, or achieve any other result collateral to the objective sought in the action for ejectment. Therefore, while the conduct complained of may be actionable, as stated earlier in this order, it does not constitute an abuse of process, and the plaintiff's first cause of action must be dismissed. The merit of the plaintiff's second cause of action must be determined upon a more complete record and therefore the defendants' motion to dismiss will be denied as to that claim.

And it is so ordered.