## 19835

Ruth R. MURPHY, Respondent, v. Mildred BROWN, Individually and as Co-Executrix of the Will of the Estate of Otis Franklin Murphy, and Leona Elmore M. Covington, Individually and as Co-Executrix of the Will of the Estate of Otis Franklin Murphy, et al., Appellants.

(205 S. E. (2d) 839)

Raymond K. McKenzie, Esq., of Florence, *for Appellants*.
E. Lee Morgan, Esq., of Hyman, Morgan and Brown, Florence, *for Respondent,*

June 5, 1974.

Moss, Chief Justice.

Ruth R. Murphy, the respondent herein, commenced this action in the Probate Court of Florence County, pursuant to Section 19-161 *et. seq.* of the Code, seeking the allotment of her dower interest in the real estate of Otis Franklin Murphy, deceased. She alleges that he died testate on January 26, 1973, and that she was his widow, and because he made no provision in his will in her behalf, she was entitled to receive a one-sixth cash value in fee from the proceeds of the sale, which was directed by his will, of the real estate of which he died seized and possessed. Joined as parties to the action are the appellants herein, who were

the executrices of the will of Otis F. Murphy, and the devisees named therein.

The appellants, by their return, denied that the respondent was entitled to any dower interest in the lands of the testate, alleging that the testate had on January 25, 1971, in the Eighth Judicial Court of the State of Nevada, obtained a valid divorce from the respondent, and as a result thereof she was not the widow of the testate at the time of his death. The matter was heard, on a stipulation of facts, by the Probate Judge of Florence County, who by her order held that Ruth R. Murphy and Otis Franklin Murphy were husband and wife at the date of his death, and she was therefore entitled to dower rights in his real estate. The appellants timely appealed from this order of the Probate Court, and such was heard by the Honorable David W. Harwell, Resident Judge, who, on July 11, 1973, issued his order affirming the order of the Probate Court. The appellants prosecute this appeal from such order.

Ruth R. Murphy and Otis Franklin Murphy were married on May 11, 1968. It appears that on December 10, 1969, the Family Court of Florence County issued an order requiring Otis Franklin Murphy to pay $100 per month for the support of Ruth R. Murphy or in lieu thereof that she be allowed to occupy the marital home·free of rent or taxes. She elected to remain in the marital home in lieu of the monetary allowance for support.

It appears that Otis Franklin Murphy, on January 25, 1971, obtained a decree of divorce from the respondent in the State of Nevada. Upon his return to South Carolina he petitioned the Civil Court of Florence County, on August 16, 1971, to require the respondent to vacate the residence owned by him due to the fact that he had obtained a divorce in the State of Nevada. This action was transferred to the Family Court of Florence County for trial. The respondent, in her answer, asserted that the Nevada divorce decree obtained by Otis Franklin Murphy was null and void. The Family Court of Florence County, by order dated January

19, 1972, declared the Nevada divorce null and void. There was no appeal from this order by either party.

On February 14, 1973, a motion and petition were filed on behalf of the estate of Otis Franklin Murphy asking the Family Court of Florence County to grant a new trial based on the fact that the respondent had breached an oral agreement to obtain a divorce from Otis Franklin Murphy, upon which agreement he relied, thereby allowing the time to appeal to elapse. The Family Court denied this motion and petition. No appeal was taken therefrom.

The appellants here do not contend that the Family Court of Florence County did not have jurisdiction of the parties and the subject matter in the case before it. The issue of whether the Nevada divorce obtained by Otis Franklin Murphy was valid, or null and void, was properly before the Family Court for decision. This question was expressly adjudicated, the court holding that such divorce was null and void.

The order of the Probate Court allowing the respondent her dower rights in the lands of the testate expressly found that the Family Court of Florence County had jurisdiction of the parties and the subject matter, and the order unappealed from was determinative of the marital status between Ruth R. Murphy and Otis Franklin Murphy and was binding upon the court. We find no error in the order of Judge David W. Harwell upholding the decision of the Probate Court.

It is the rule in this State that a prior judgment of a court having jurisdiction of the parties and the subject matter is conclusive in any subsequent action between the same parties, or their privies, of all questions which were actually litigated in the prior action and determined by the judgment, regardless of whether the subsequent action involves the same or a different cause of action. *Powell v. Powell,* 249 S. C. 663, 156 S. E. (2d) 305, and *Jones v. Hamm,* 253 S. C. 283, 170 S. E. (2d) 206. It fol-

lows that the unappealed from adjudication by the Family Court of Florence County that the Nevada divorce obtained by Otis Franklin Murphy was null and void is conclusive in this subsequent action between the respondent and the appellants, these appellants being in privity with the testate. The respondent and the testate were husband and wife at the date of his death on January 26, 1973, and she is, therefore, entitled to her dower right in his real estate.

In view of the conclusion heretofore reached, it becomes unnecessary for us to consider the remaining questions sought to be raised by the appellants.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.