In the Matter of the Estate of ROBERT C. BEACH, Deceased.

Surrogate's Court, Cattaraugus County, October, 1923 (Received January, 1924).

Executors and administrators — final accounting — judicial settlement final only as to matters contained in the accounting — Surrogate's Court has jurisdiction to direct payment of annuity — when executor may be directed to pay annuity to widow of testator where decree judicially settling accounts was entered prior to payment of annuity.

A judicial settlement is final only as to the matters contained in the accounting, and the executor or administrator is still in office for the purpose of performing any duties that require his action.

A surrogate has jurisdiction to direct the payment of an annuity to the widow of a testator.

A will by which an annuity was given to the widow of testator directed payment thereof as follows: " And I do hereby charge and subject my estate with the payment of said semi-annual sum of seventy-five dollars to my said wife," naming her. A certain number of acres of a farm owned by testator, together with two-thirds of the stock, farming tools and household goods, were by the

will given to his son R. and certain other acres of said farm, together with the remainder of the stock, farming tools and household goods, were given to his son C., and the share of each was charged with the payment of the annuity to testator's widow in stated proportions. When the second installment of the annuity fell due C. paid his proportionate share but R. refused to pay his. In a proceeding to compel him so to do, *held*, that as the duty devolved upon him as executor to collect it of himself individually and pay the same to the petitioner, it will be so ordered notwithstanding that a decree judicially settling the accounts of the executor was entered prior to the payment of the first installment of the annuity.

APPLICATION to compel payment of an annuity.

*John W. Ellis*, for Ann J. Beach, petitioner.

*Ernest F. Kruse*, for Robert T. Beach.

BIRD, S.  This is an application to compel the payment of an annuity provided for in the last will of Robert C. Beach.

Robert C. Beach died on or about the 25th day of May, 1919, leaving a last will and testament which was duly admitted to probate in and by which he nominated and appointed Robert T. Beach, his son, and Ann J. Beach, the petitioner herein, executors.

In and by the terms of this will the decedent gives to his said wife, Ann J. Beach, during her lifetime, an annuity of one hundred and fifty dollars, payable in the sum of seventy-five dollars every six months after his decease, and the will further provides relative to such payment as follows: " And I do hereby charge and subject my estate with the payment of said semi-annual sum of seventy-five dollars to my said wife Ann J. Beach * * *." The will then provides that 100 acres of land, being part of the farm owned by decedent, together with two-thirds of the stock, farming tools and household goods, are devised to his son Robert T. Beach, and 50 acres of his farm, together with one-third of the stock, farming tools and household goods, are devised to his son Charles Beach, the two-thirds devised to Robert T. Beach being charged with the payment of two-thirds of the annuity, and the one-third devised to Charles Beach with the other one-third of the annuity. The will provides for the payment of the sums of fifty dollars and twenty-five dollars of this annuity every six months to the executors, and by them to be paid to the widow.

This will is very inartificially drawn, and is evidently the work of a layman. It contains other provisions and bequests not material to the question involved in this proceeding. There has been a judicial settlement of the estate and a decree entered on the 19th day of May, 1921, judicially settling the same.

It appears that one installment of this annuity has been paid since such judicial settlement, Robert T. Beach paying two-thirds

of the same to the widow and Charles Beach paying one-third directly to her. It appears that when the next installment of the annuity fell due, Charles W. Beach paid his proportionate share, but Robert T. Beach refused to pay the remaining two-thirds, and this proceeding is brought to compel payment.

The annuity and other provisions for the widow in the will are given to her in lieu of dower. She has accepted the provisions made for her by the will in lieu of dower. Mrs. Beach is an old lady past eighty years of age, and in poor health, and very lame.

On the return day of the citation, Robert T. Beach appeared by attorney and interposed an answer to the petition. The answer does not deny any material allegation of the petition, but sets up the defense that there has been a judicial settlement of the accounts of said Robert T. Beach, as executor, and all the funds in his hands have been distributed under the decree entered on such judicial settlement, and that by the terms of said decree he was freed of and from all responsibility by reason of his acts and doings as such executor, and asks for a dismissal of the proceeding.

It is undisputed that the fifty dollars of the annuity due and payable May 25, 1923, is unpaid. It is undisputed that this is the two-thirds of the semi-annual payment of seventy-five dollars which is chargeable upon the property devised to Robert T. Beach. It is intimated by respondent in his brief that he has a counterclaim, and that the reason this is not set up in his answer is that the surrogate would not have jurisdiction to try this issue. However, no such allegation is contained in respondent's answer, and the only question here involved is, did the judicial settlement of this estate oust the surrogate of jurisdiction to compel payment of future installments of this annuity?

It is well settled by authority that a judicial settlement is final only as to the matters contained in the accounting, and the executor or administrator is still in office for the purpose of performing any duties that require his action. *Mahoney* v. *Bernhard*, 45 App. Div. 499; *Steele* v. *Leopold*, 135 id. 247.

An annuity is a legacy payable in stated amounts by installments. I have been unable to find any adjudicated case applicable to this situation, and my attention has been called to none by counsel. In recent years, notably by the general revision of the Code applicable to Surrogates' Courts in 1914, very greatly enlarged powers have been conferred upon Surrogates' Courts.

The general jurisdiction of Surrogates' Courts is prescribed by section 40 of the Surrogate's Court Act. Among other things, this jurisdiction extends to the enforcement of the payment of legacies. If of legacies, why not annuities?

Under the very broad powers now conferred upon Surrogates' Courts, it is at least a serious question if a surrogate has not power in a proceeding to compel the payment of a legacy, to pass upon any defense that may be set up, legal or equitable. The Surrogate's Court is still, however, a court of limited jurisdiction, and has no general equitable jurisdiction. It could not in a proceeding for that purpose, for example, where an annuity is charged upon land, direct the foreclosure of the lien and sale of the lands. But that is not this proceeding. It has power, under a decree directing the payment of money, to issue an execution to enforce such payment and has had such power for many years.

Surrogates have always been slow, and justly so, to exercise jurisdiction in questionable cases. Under all the circumstances of this case, however, if I can satisfy myself that the surrogate has jurisdiction, I think it ought to be exercised. This aged widow, with only a small annuity, ought not to be put to the necessity of multiplying remedies, where there are no facts alleged in the answer which put in issue her right to receive the amount provided for in her late husband's will. So far as the pleadings are concerned, there is no allegation or any denial that would relieve the respondent from the payment of the amount claimed. He simply says that he is no longer amenable to a proceeding in Surrogate's Court, and if the petitioner wishes to get the moneys given her by way of an annuity, let her sue him in a common- aw court, or foreclose her lien upon the lands. Had he set up any defense, legal or equitable, the surrogate then could have passed upon the matter of jurisdiction under the issue then raised.

If the respondent feels that he has a cause of action against the petitioner, although he states no fact from which this can be implied, it might and it might not be a counterclaim in this proceeding. He may bring an action against her if he so desires. The petitioner has sought her remedy in this form, doubtless for the reason that it is inexpensive, and with the prospect of its determination within her lifetime.

I hold that the surrogate has jurisdiction to direct the payment of this annuity. The will places the duty upon Robert T. Beach, as executor, to collect it of himself individually and pay the same over to the petitioner.

Settle decree upon three days' notice in conformity with this memorandum. Allowances will be fixed at time of settlement of decree.

Decreed accordingly.