In the Matter of the Estate of CELIA DICKMAN, Deceased.

Surrogate's Court, Kings County, December 16, 1931.

*Frank Rosenberg*, for the petitioner.

*Hoffman & Mendelson*, for the respondents.

*Szerlip & Szerlip*, for the administrator.

WINGATE, S. The issue in this discovery proceeding, the hearings of which occupied more than half of two different days, has narrowed

itself to a question of the right of the administrator to recover two industrial insurance policies aggregating $615 upon the life of the deceased.

Additional issues originally presented were disposed of on the hearing and concerned certain household furniture and jewelry. The testimony given by the petitioner in regard to the former tended to prove that he was the individual owner thereof, while the respondents also asserted purely personal rights therein. Since, therefore, all the evidence before the court negatived the right of the estate to its possession, a direction for its delivery to the administrator would be wholly unsupported by the proofs. The testimony adduced further indicated that respondents had neither possession nor knowledge of any jewelry.

The pertinent facts on the issue concerning the insurance will be briefly summarized. The administrator-husband abandoned the decedent on or about October 12, 1929, and never thereafter lived with her. She returned to the home of her parents, where she resided continuously until her death. After such abandonment, her mother, Sadie Krampf, took out two policies on decedent's life, and from her own funds paid the weekly premiums thereon, which aggregated seventy-five cents per week. The policies thus issued were in the usual industrial form and contained the customary facility of payment clause. The two representatives of the insurance company who negotiated and attended to the matter were produced as witnesses and clearly established these facts and the further pertinent circumstance that as a result of inquiry by the mother at the time the policies were written, they had assured her that by reason of her blood relationship to the insured and her payment of the premiums, the face of the policies would be paid to her in the event of the death of the decedent.

The petitioner earnestly contends that in spite of the fact that he never contributed one cent toward the payment of the premiums upon these policies, or indeed, so far as appears, knew of their existence, he should nevertheless benefit from them by reason of their inclusion in the estate of his abandoned intestate wife. Such a result does not accord with the sense of justice or propriety of this court and fortunately there are two adjudications in point which indicate that it is under no compulsion to give validity to so inequitable a claim. The first is the determination of the Appellate Division of this department in *Shea* v. *United States Industrial Ins. Co.* (23 App. Div. 53). Certain excerpts from this opinion are so substantially four-square with the facts herein adduced as to be worthy of repetition.

The decision reads in part (at p. 54): " The evidence given upon

the trial disclosed this state of facts: The insured was the daughter of the plaintiff; * * * the plaintiff procured the life of the said daughter to be insured with the defendant, and the latter issued and delivered to the plaintiff a policy of insurance upon such life. The premium required to be paid was the weekly sum of twenty-five cents, which the plaintiff paid until the daughter's death. * * * the plaintiff procured the issuance of another policy upon the life of her daughter, by the defendant, in all respects like the former policy except its date. Upon this policy the plaintiff paid the premium until the death of the daughter. * * *

" At the times when the policies were issued, the agent who then represented the company stated to the plaintiff that, as she was a blood relative of the insured, she would be the beneficiary therein, and entitled to the amount of the insurance if she paid the premiums as required."

At page 55: " the agent in this case testified that he made such representation to the plaintiff when she took out the policies of insurance upon the life of her daughter."

The court, after giving the wording of the facility of payment clause contained in the policies, which was substantially identical with that found in the case at bar, continued (at p. 56): " This article corresponds with the representations made to the plaintiff, with this difference, that instead of being an absolute promise to pay it is permissive at the option of the company. As the company, however, made its absolute agreement with the plaintiff that she should be the beneficiary, we think such agreement had the force of a present election upon the part of the company to exercise the option in this regard in favor of the plaintiff. This does not change or vary the terms of the policy; it is an agreement in addition thereto and entirely consistent therewith, which may rest in parol and be enforced according to its terms. (*White* v. *Hoyt*, 73 N. Y. 505; *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 id. 247.) It was no more than an agreement upon the part of the company to presently make its election, instead of waiting until a loss had occurred. In this view of the case the plaintiff became entitled to have the benefits of the insurance for which she had paid and which the defendant had agreed she should receive.

" * * * the husband of the insured, had never paid a penny of the premiums by which the policies were kept alive. He did not even know that the life of his wife was insured."

An additional determination to the same effect containing an elaborate review of all pertinent cases is found in *Tarasowski* v. *Prudential Ins. Co. of America* (113 Misc. 248).

For the reasons and on the authority stated, this court deter-

mines that the estate of this decedent has no interest in the policies of insurance here in question.

The earnest contention of the petitioner to the effect that this court possesses no equitable powers in this connection might have possessed some cogency a generation or more ago, but has certainly not represented the law during any portion of the intervening period and is not the law to-day. (See *Matter of Wilson*, 252 N. Y. 158; *Matter of Akin*, 248 id. 202; *Matter of Raymond* v. *Davis*, Id. 67; *Matter of Cook*, 244 id. 63; *Matter of Winter*, 231 App. Div. 519; *Matter of Ashner*, Id. 127; *Heavner* v. *Clarke*, 229 id. 786; *McLean* v. *Hart*, 228 id. 379; *Matter of Hawes*, 119 Misc. 359; affd., 212 App. Div. 861; *Matter of Matthewson*, 210 id. 572; *Matter of Beach*, 122 Misc. 261; affd., 208 App. Div. 831; *Matter of Seaman*, 205 id. 681; *Matter of Van Buren* v. *Estate of Decker*, 204 id. 138; *Matter of Welton*, 141 Misc. 674; *Matter of McArdle*, 140 id. 257; *Matter of Pulitzer*, 139 id. 575; *Matter of McCarthy*, Id. 147; *Matter of Strandburg*, 138 id. 859; *Matter of Koehler*, 134 id. 532; *Matter of Morris*, Id. 374; *Matter of Ehlers*, 133 id. 424; *Matter of McGrath*, Id. 30; *Matter of Sanders*, 131 id. 266; *Matter of Brown*, 129 id. 293; *Matter of Frame*, 128 id. 788; *Matter of Bunimowitz*, Id. 518; *Matter of Malone*, Id. 288; *Matter of Sewell*, 127 id. 202; *Matter of Wiemann*, 119 id. 239, and other determinations too numerous to mention.)

The petition herein is accordingly wholly dismissed.

Proceed accordingly.