Harold Baer, J.
The defendant moves to dismiss the complaint under subdivision 6 of rule 107 of the Rules of Civil Practice, upon the ground that the claims upon which plaintiff seeks recovery have been discharged by release.
The cause of action is for rent for the month of June, 1956, water charges and sewer rent for the same month pursuant to a written lease between the parties.
*149 The defendant’s position is that the said claims were discharged by reason of a release executed and delivered by the plaintiff to the defendant. This plaintiff was involved in prior related litigation. He is the owner of the Beverly Hotel, and an injunction proceeding was brought against him by one of his tenants because of an alleged violation of a restriction in that lease which violation resulted from a lease which this plaintiff gave to this defendant. The injunction was granted by the Supreme Court and affirmed by both the Appellate Division, and the Court of Appeals (Weiss v. Maidman, 282 App. Div. 935, affd. 308 N. Y. 840). After the commencement of that proceeding the same tenant brought an injunction proceeding against the defendant in this action, the lessee of adjoining premises. The lower court denied the injunction but though affirmed by the Appellate Division that decision was reversed by the Court of Appeals (Weiss v. Mayflower, 285 App. Div. 1031, revd. 1 N Y 2d 310 [May 31, 1956]). After the decisions of the Court of Appeals this defendant refused to pay rent for the month of June, 1956 although demanded by the plaintiff. It should also be noted that in the second litigation above mentioned this defendant cross-moved against this plaintiff for damages on the theory that if the injunction was granted against it, said defendant would be entitled to damages against the landlord, plaintiff herein, for breach of the covenant of quiet enjoyment. During the month of June negotiations resulted in a settlement of the controversy between these parties and on the 25th of June, 1956, the parties entered into an agreement which among other things provided for a surrender and acceptance of the lease; the payment by this plaintiff to this defendant of $125,000, and a release clause as follows:. “Maidman and Mayflower hereby release each other of and from any and all claims, demands and causes of action whatsoever, not arising out of or under this agreement. ” Simultaneously, an agreement for surrender of the lease was signed and that also contained the clause, “ The landlord hereby accepts the foregoing surrender, and hereby releases the tenant and the tenant hereby releases the landlord of and from any and all claims, demands and causes of action, whatsoever, not arising out of, or under, this agreement of surrender ”.
. It is the contention of the plaintiff that it was not his intention to release the defendant except from such claims as had arisen by virtue of the injunction action; that rent due for the month of June was never discussed; that he never intended to waive or release rent for the month of June, 1956 which had accrued; that defendant “concealed” from the plaintiff the fact that *150 the rent was unpaid. On the other hand, the defendant contends that the claims for rent and collateral charges were discharged by virtue of the releases executed by the plaintiff and quoted above.
This release, in fact both releases, are general in form and were intended to dispose of all the claims and rights the parties had each against the other. Instruments should be given the meaning that the wording clearly purports. (Single v. Whitmore, 307 N. Y. 575, 583 Rose v. Rose, 121 N. Y. S. 2d 213, 217.) While it is true that the courts at times have restricted releases to claims in litigation at the time that the release is executed and delivered, I know of no situation where a general release has not been found effective in disposing of all claims in existence at the time of the delivery of the release, particularly claims arising out of the same controversy or transaction. This is not a claim collateral to the issue settled and released, and therein lies the distinction between the case at bar and the cases cited by the plaintiff. (Simon v. Simon, 274 App. Div. 447; Scherer v. Scherer, 121 N. Y. S. 2d 810, and Wenglin v. Bank of New York, 87 N. Y. S. 2d 38.) In these cases the releases were held to release claims then at issue but were held not to discharge collateral claims that had no connection with the controversy being settled and released.
The very basis of the settlement in this case was the lease. It was this very lease which was surrendered by the defendant and accepted by the landlord. The June, 1956 rent accrued on June 1, 1956, prior to the settlement and the execution and delivery of the releases on June 25,1956. There may have been some basis for the plaintiff’s claim if there had been a mutual mistake or a mistake on the part of the plaintiff and fraud, deceit or misrepresentation by the defendant. (Rector of St. James Church v. City of New York, 261 App. Div. 614, 617; Farrington v. Harlem Sav. Bank, 280 N. Y. 1; Gilbert v. Rothschild, 280 N. Y. 66; Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182.) I cannot find such a situation in the case at bar although the plaintiff does claim that he did not intend to release June rent and that the defendant “ concealed ” the fact that this rent had not been paid. This plaintiff is an experienced real estate operator and the defendant is not in such relationship to him as would require any disclosures. The defendant received a demand for rent and refused to pay it because the landlord violated the clause in the lease granting quiet enjoyment. He was under no obligation to inform the plaintiff and nondisclosure under such circumstances is not misrepresentation, deceit or *151 fraud. (Matter of Ohrbach, 4 Misc 2d 964, 969; Matter of Schoenewerg, 277 N. Y. 424, 428.) In the Ohrbach case (supra, p. 969) the court stated that, “ one may not escape on the ground of mistake the consequences of a deliberate signing of a release when simple inquiry would have elicited the information needed. In either event, then, whether she and her attorney knew the facts, or, being ignorant thereof, had her execute a release completely unconcerned about any claim she might have, she is barred from objecting to the account.”
The words in the release, particularly when they release claims then in existence and arising out of the same transaction, must be given their clear meaning. The Court of Appeals in the recent case of Lucio v. Curran (2 N Y 2d 157, 163) said, “ Otherwise, general releases are not worth the paper they are written on.” In this case, a suit in Municipal Court for wages against a union and certain officials was settled for a nominal amount and a general release delivered. The plaintiff then brought an action for reinstatement into the union and for damages for wages lost. The lower court denied a motion by the defendant under rule 113 of the Rules of Civil Practice on the theory that there was a sharp issue of fact as to whether the release, general in form, was intended to dispose of all the claims and rights of the plaintiff, or only those involved in the Municipal Court action. The Justice of that court decided that there was an issue of fact that could not be disposed of on the basis of affidavits, citing Simon v. Simon (supra). The Appellate Division reversed the lower court (284 App. Div. 1039) stating that, “ The cause of action now asserted was in existence at the time the general release was given”. The Court of Appeals by a divided court affirmed the Appellate Division (2 N Y 2d 157). The majority of the Court of Appeals held that the plaintiff must be deemed to have assented to, and to have freely entered into the agreement, and referred to the general rule applicable, as stated in Pimpinello v. Swift & Co. (253 N. Y. 159, 162), “ Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby.' That his mind never gave assent to the terms expressed is not material”. (Also, see Farrington v. Harlem Sav. Bank, 280 N. Y. 1, supra; Porter v. Commercial Cas. Ins. Co., 292 N. Y. 176.) Further, on page 162 the Court of Appeals states, “ Under the foregoing-principles, it is clear that since the unreformed general release in question, with its express prohibition against any oral change, postdated the circumstances giving- rise to both the then pending Municipal Court action and the expulsion here complained of, *152 it clearly operates to defeat the instant action as against defendants Even the dissenting opinion can give no consolation to this plaintiff. The dissent is predicated on the Simon case (274 App. Div. 447, supra) and the opinion that the claim for reinstatement and damages arose after the settlement of the Municipal Court action. The dissent also reaffirms the correctness of the general rule cited in Kirchner v. New Home Sewing Mach. Co. (135 N. Y. 182, supra) that the instrument itself is the only competent evidence of the agreement of the parties and, if the words fairly import a general discharge, their effect may not be limited so as to exclude a demand simply upon proof that at the time of its execution this particular claim or demand was not disclosed.
The motion is granted, the complaint dismissed.
Ten days’ stay.