John D. Bennett, S.
In this construction proceeding seeking a determination of the effect of certain provisions of the decedent’s will disposing of premises designated in the will as home farm plot No. 6, the respondent moves to dismiss the petition on a number of grounds, each of which challenges the status of the petitioner to bring this proceeding.
The petitioner, Rosalie G. Jones (herself an attorney), was originally an executrix and trustee of this, her mother’s estate. She was later removed by this court in both of such capacities, and such determination was affirmed in Matter of Jones (278 App. Div. 953).
As a consequence of her removal, she was required to file her account to which numerous objections were made. Concurrently, an action in the Supreme Court was commenced against her by the administrator c. t. a. appointed for the estate.
Negotiations for the settlement of the differences between the parties were entered into. The give-and-take by the respective parties in these extended negotiations resulted in a compromise of the Supreme Court action in the form of a stipulation entered on the record.
*680 Thereafter an application was made for the approval of the compromise by this court. Both the stipulation and application to this court for approval recite certain specific estate interests which Miss Jones was to surrender in consideration of a discontinuance of the Supreme Court action, withdrawal of objections to her account, and payment to her of $65,000 from the estate together with other valuable consideration.
No mention, as a specific interest which she was to surrender, was made of the remainder to home farm plot No. 6, the subject matter of this proceeding, since all parties apparently assumed at that time that such remainder would not vest in Rosalie, but would fall into the residuary estate.
The decree, however, signed by this court approving the compromise of the Supreme Court action and settling Miss Jones’ account not only lists each interest surrendered by her, but also contains the following language: ‘ ‘ Tenth : That the payment by Theodore B. Klapper, as administrator with the will annexed and as sole surviving trustee of the last will and testament of Mary E. Jones, deceased, of the sum of $65,000.00 to Rosalie G-. Jones * * * shall constitute full and complete payment for, and u'scharge and satisfaction of, all claims, title, rights or interests of whatsoever kind, nature or description, including, without limitation, all title, rights, claims and interests in any and all real and personal property of which Mary E. Jones died seized or possessed ”.
Simultaneously with the signing of this decree by the court, Miss Jones executed a general release to the administrator c. t. a.
It is petitioner’s present contention that, since the stipulation in the Supreme Court action lists specific interests released by Miss Jones, the decree is necessarily limited in its scope and does not include Miss Jones’ asserted remainder interest in home farm plot No. 6, as all parties assumed she had no such interest. In short, .petitioner alleges that because of a mutual mistake of fact as to the now asserted interest of Miss Jones in such remainder, the scope of the decree was never intended to cover such asserted interest.
The respondents’ specific motions seeking dismissal of the petition are as follows:
1. A final decree of this court determined completely the entire interest of the petitioner in her mother’s estate (Rules Civ. Prac., rule 107, subd. 4).
2. The petitioner released her entire interest in her mother’s estate (Rules Civ. Prac., rule 107, subd. 6).
3. This court has no jurisdiction of the proceeding since only a ‘ ‘ party interested ’ ’ is authorized to bring a construction pro *681 ceeding under section 145 of the Surrogate’s Court Act (Rules Civ. Prac., rule 107, subd-1).
A preliminary hearing was held as to whether the “ broad, all inclusive language ” of the release dated June 15, 1955 was the result of ‘ inadvertence, accident, mutual mistake or fraud ’ ’ (Lucio v. Curran, 2 N Y 2d 157,161).
1. The force and effect of a decree of the Surrogate’s Court is set forth in section 80 of the Surrogate’s Court Act as follows: “ Every decree of a surrogate’s court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained. To such decree there is attached all the presumptions pertaining to a judgment rendered by a court of general jurisdiction in a common law action.”
The force and effect specifically given by the Surrogate’s Court Act to an accounting decree is substantially similar: “ A judicial settlement of the account of an executor, administrator, guardian or testamentary trustee, either by the decree of the surrogate’s court, or upon an appeal therefrom, is conclusive evidence against all the parties of whom jurisdiction was obtained and all persons deriving title from any of them at any time, as to all matters embraced in the account and decree. ’ ’ (Surrogate’s Ct. Act, § 274.)
The scope of a judgment or decree as an adjudication conclusive upon the parties is defined in the following rule by the Court of Appeals in Pray v. Hegeman (98 N. Y. 351, 358): ” The general rule is well settled that the estoppel of a former judgment extends to every material matter Avithin the issue which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. * * * It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. "Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided.”
Petitioner would have us believe that since the remainder in home farm plot No. 6 was not listed as an interest of Miss Jones at the time of the signing of the decree, the decree does not touch it. This clearly is fallacious reasoning. It Avas here overwhelmingly established that what was determined and embraced in this decree was the fact that Rosalie Gr. Jones gave up any and all interest she had in her mother’s estate, whatever that might be. This is the salient and paramount fact which not only the decretal provisions bring home forcibly, but also is *682 clearly shown by the affidavits and the testimony at the hearing which demonstrate that such complete and total relinquishment by Rosalie G. Jones was the essence of the negotiations and the subsequent decree.
The facts here are clearly distinguishable from those eases concerning the effect of a decree because of the omission of the recital of a specific asset in the account (see, e.g., Van Rensselaer v. Van Rensselaer, 113 N. Y. 207; Matter of Williams, 1 A D 2d 1022). In such circumstances, the omission of an asset leaves all questions in regard to it open (Matter of Seaman, 275 App. Div. 484, affd. 300 N. Y. 756). The facts here clearly indicate that the remainder interest to home farm plot No. 6 was fully discussed by all the parties but that the attorney for the administrator c. t. a. considered it unnecessary to itemize because of his own private construction (although it obviously was included in the “ catch-all ” language previously quoted).
If anyone, it is the respondents and not petitioner, who have been aggrieved by the fact that the decree did not itemize the petitioner’s alleged remainder interest in home farm plot No. 6 (if in fact the will gave her such an interest) since it was the petitioner’s intent to give up that interest if it existed.
Accordingly the court holds that the decree of June 15, 1955 is res judicata as to any and all interest the petitioner may have had in her mother’s estate, and consequently this proceeding for a construction constitutes an unauthorized collateral attack upon such decree.
2. The hearing on the release clearly indicated that the broad, all-inclusive language of the release was not the result of ‘‘ inadvertence, accident, mutual mistake or fraud ” (Lucio v. Curran, 2 N Y 2d 157,161, supra).
Whether or not the petitioner was mistaken as to her now asserted interest, “ one may not escape on the ground of mistake the consequences of a deliberate signing of a release when simply inquiry would have elicited the information needed. In either event, then, whether she and her attorney knew the facts, or, being* ignorant thereof, had her execute a release completely unconcerned about any claim she might have, she is barred from objecting to the account.” (Matter of Ohrbach, 4 Misc 2d 964, 969.)
The petitioner attempts to present the picture of one throwing-great reliance upon the theory of the attorney for the estate as to the devolution of the remainder to home farm plot No. 6. However, there was no obligation to inform petitioner of any theory of devolution, nor were the petitioner and her attorneys warranted in relying on such theory.
*683 The general rule is ‘ that the instrument itself is the only-competent evidence of the agreement of the parties and, if the words fairly import a general discharge, their effect may not be limited so as to exclude a demand simply upon proof that at the time of its execution this particular claim or demand was not disclosed.” (Maidman v. Mayflower Doughnut Corp., 5 Misc 2d 148,152, citing Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182.) How much stronger is here, then, the respondent’s position where the petitioner’s alleged claim was discussed and the general release followed.
The final argument that the release could not act as a conveyance of the now asserted remainder interest presented no problem to Surrogate Milford in Matter of Edwards (194 Misc. 681, affd. 274 App. Div. 871, affd. 299 N. Y. 553) where a contingent remainder interest was held to have been surrendered by a general release, although the issue was discussed in the dissenting opinion by the Appellate Division (274 App. Div. 871, supra).
The courts have continuously and strongly favored the making of settlements and releases, and in the absence of fraud have given vigorous support to them (Fisher v. Fisher, 253 N. Y. 260; Matter of Cook, 244 N. Y. 63; Minohan v. Hill, 144 App. Div. 854; Matter of Beresford, 146 Misc. 140; Matter of Crowe, 139 Misc. 648). It is axiomatic that there must be an end to litigation. The court accordingly holds that the release extinguished completely any interest of petitioner in her mother’s estate.
3. The decree and release are a complete bar to this proceeding since the petitioner’s status is not that of a ‘ ‘ party interested ” within the meaning of section 145 of the Surrogate’s Court Act (Matter of Waring, 293 N. Y. 186, 190) and consequently this court lacks jurisdiction of the proceeding.
The respondents’ motions are granted and the petition is dismissed.
Settle decree on five days’ notice.