A. Franklin Mahoney, J.
The defendants, individually and as constituting the law firm of Lombardi and Reinhard, move for an order dismissing plaintiffs’ complaint on the several grounds that plaintiffs (a) as executors, lack the capacity to sue, (b) as individuals, cannot and do not istate a cause of action. In the alternative, defendants move for relief requiring plaintiffs to replead (CPLR 3014, 3024).
Plaintiffs, as executors of the estate of Philip Krimsky, retained defendants as counsel for the estate. Objections to the executors’ accounts were filed by certain beneficiaries of the estate and a hearing and trial of said objections was held in the Surrogate’s Court of Albany County. On July 13, 1973 a written agreement of settlement and compromise was approved by the Surrogate and was the genesis of a decree of final settlement, dated July 13, 1973 which states in the final paragraph thereof, ‘ ‘ that said Executors * * * be released and discharged of and from any and all liability * * * as to all matter embraced in the Accounting herein.”
Plaintiffs, as executors and individually, now seek to recover from the defendants in a malpractice cause of action, damages to the estate and to themselves allegedly caused .by the manner in which defendants discharged their professional obligation to the estate of Philip Krimsky.
SCPA 2226 /(formerly Surrogate’s Ct. Act, § 274) provides that a decree of judicial settlement is conclusive as to all matters embraced therein with respect to all the parties of1 whom jurisdiction was obtained. A /judicial settlement of account of a fiduciary is the final proceeding in the matter of a deceased’s estate. However, a judicial settlement'is not final, except as to matters contained in the accounting and the executor is still in office for the purpose of performing any duties' that require his action *687 (Matter of Beach, 122 Misc. 261, affd. 208 App. Div. 831). Therefore, it can ¡be said that a judicial decree of settlement is conclusive evidence against all the parties of whom jurisdiction was obtained as to all matters covered in the account and decree (Matter of Payne, 12 Misc 2d 861). The conclusiveness extends to every material matter within the issues which were expressly litigated and determined and also to those matters which, although not expressly determined, are comprehended" and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered (Matter of Jones, 13 Misc 2d 678, affd. 8 A D 2d 829; Warren’s Heaton on Surrogates’ Courts [6th ed.], § 402, subd. 3).
Obviously, the final decree in this case, concluding and settling the estate business, necessarily considered, comprehended and dealt with such matters as estate taxes, guardian’s allowances and attorney’s fees. In the absence of an appeal, or modification of the decree, all parties to the account and decree of settlement thereof are bound as to those matters. Therefore, as to the matters of estate taxes and attorney’s fees, including those paid or payable to the defendants, the decree is res judicata. Next, a final decree is res judicata as to corporate affairs and transactions, where the Surrogate had jurisdiction to hear objections and the objectants failed to present their claims. In the instant case, in the first cause of action, the plaintiffs allege that the malpractice of the defendants caused an overpayment of estate taxes in the amount ¡of $185,000 and, further, for loss of estate assets in the amount of $885,000 resulting from negligence and, in particular, from incorrectly advising the plaintiffs that they had the power to continue the high risk business owned by the deceased and which formed a large portion of the deceased’s estate. Obviously, since the beneficiaries of the estate failed to raise these objections in the course of the hearing and trial before the Surrogate, they are precluded from doing so now because of the finality necessarily accorded to the decree of judicial settlement. If the beneficiaries are precluded, then it necessarily follows that the executors of the estate cannot now seek to recoup by an action in malpractice those assets which, if the executors were successful in the malpractice action, would inure to the benefit of the beneficiaries. They cannot obtain vicariously that which is foreclosed by the final decree. The Surrogate had jurisdiction to hear objections as ,to the amount of estate taxes paid, the amount of attorney’s fees to be paid to counsel retained by the estate and, similarly, the Surrogate could have entertained objections to the management of the estate. In the absence of *688 objections, these claims are barred and the decree is res judicata as to them (Schuykill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304-306).
Therefore, those portions of the first cause of action that seek recovery from the defendants of the sums of $185,000 for overpayment of estate taxes and $850,000 for diminution of estate value are dismissed, both as fiduciary and individual causes of action. The entire second cause of action that seeks recoupment of the $50,000 legal fee paid to the defendants as attorneys for the estate is dismissed. Again, payment of estate taxes, diminution in estate value during administration and estate counsel fees are, in absence of objections before final settlement, forever foreclosed as to those who were parties to the final decree of settlement.
"What remains is paragraph “ 15 ” of the first cause of action and the third cause of action alleged in the complaint. The allegation .set forth in paragraph “ 15 ” and the entire third cause of action seem to allege the same wrong. In ‘ ‘ 15 ” the plaintiffs state they were damaged in the sum of $100,000 because they had to retain counsel, other than defendants, to represent them in “ a proceeding to remove the plaintiffs as Executors and Trustees pursuant to the Will of Philip Krimsky ”. The third cause of action recites in detail the reason for the removal proceeding. The plaintiffs, including Ralph Krimsky, made it known to defend dants that they wished to have Ralph Krimsky removed as president of certain corporations in which the deceased had stock ownership and also to have Ralph Krimsky removed as coexecutor of Philip Krimsky’s estate. The third cause of action goes on to allege (pars. 29-36) that defendants drew and Ralph Krimsky signed a contract whereby he was to be retained at a certain salary[1] by some unknown source[2] for a period of 15 years in consideration of his resignation as president of certain corporations and his renunciation of his executorship. Thereafter, the Surrogate advised plaintiffs and defendants that the contract was “ improper, immoral, illegal and unenforceable ”. The aborted contract, the plaintiffs allege, was: made the grounds “ of a proceeding to remove the plaintiffs as the Executors and Trustees pursuant to the Will of Philip Krimsky, and plaintiffs * * * were required to engage legal counsel of their ownxto defend and protect themselves, all to the damage of themselves and of the estate in the sum of $50,000, plus the $5,000 fee paid for drawing up the contract
*689 Reading paragraph ‘115 ’ ’ of the first cause of action, together with the third cause of action, leads inexorably to the conclusion that plaintiffs, as fiduciaries and individually, seek to recover $155,000 which they were caused to pay or to owe to attorneys[3], other than defendants, for legal services resulting from the illegality of a contract drawn by the defendants at the behest of the plaintiffs.
Unquestionably, a fiduciary of an estate not only has the right, but usually the duty, to employ counsel to aid him in performing those functions for the benefit of the estate which he cannot perform. Beyond that, however, counsel should not be employed at the expense of the estate to perform services not for its benefit, but for the benefit of the fiduciary himself. Where claims are made against an estate and actions are brought the fiduciary should retain counsel so long as it appears that the estate itself may suffer loss. It is even correct to employ counsel when the fiduciary himself may be affected by the action. That employment, however, should be continued only so long as is necessary to ascertain that the estate is not affected. When it is evident that the estate has no interest, the fiduciary is not justified in employing counsel at the expense of the estate (Matter of Ordway, 196 N. Y. 95). Next, a fiduciary can change his attorney. It is a well-recognized principle of law that a client, including a fiduciary, subject to certain rights of the attorney, may change counsel at any time and for any reason. Therefore, executors who employ an attorney for an estate can terminate his services at any time subject only to his right to reasonable compensation for services rendered. They are not required to establish justifiable cause for the discharge and may dispense with the services at any time without cause (Orenstein v. Albert, 39 Misc 2d 1093, affd. 20 A D 2d 720; see 1 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 47).
Against this background of well-established legal principles, the retention of counsel, other than defendants, and without discharge of defendants as counsel for the estate, for the purpose of defending a proceeding by a beneficiary for fiduciary removal, based on conduct between the fiduciary and the undischarged counsel for the estate, is unwarranted. Certainly, no benefit could accrue to the estate by reason of the removal proceeding and, consequently, the estate cannot be charged for the cost of the retention of outside counsel. It necessarily follows that that branch of the first cause of action (par. 15) and the entire third *690 cause of action that seeks recovery by the plaintiffs in their fiduciary capacity against the defendants, must be dismissed.
Refining this issue further, it remains only to determine whether these plaintiffs, individually, have any cause of action against the defendants, whom the plaintiffs paid, in their capacity as fiduciaries, the sum of $50,000 for legal services rendered to the estate, for unprofessional conduct that caused these plaintiffs to retain other counsel to represent them in removal proceedings. Again, the court is constrained to answer the issue negatively. The plaintiffs, as executors, instructed the defendants, attorneys for the estate, to draft a contract, which was done, which contract was declared by the Surrogate to be deleterious to the interest of the estate. When removal proceedings were initiated because of the stricken contract and when the plaintiffs retained counsel other than the defendants, they were acting individually and in their own interest and counsel employed by them are their contractees. The value for whatever legal services were rendered to the plaintiffs herein is not the concern of the estate. The attorneys employed by plaintiffs must look to the plaintiffs for payment and, in my view, plaintiffs are estopped from looking for recoupment from the defendants herein, whom they continued to retain as estate counsel up to the date of the final decree of settlement.
For the reasons recited above, defendants’ motion to dismiss the complaint herein in whatever capacity brought, is granted. In my view, plaintiffs, as fiduciaries, and individually, have failed to make out a cause of action.

. Amount not stated.

. Employer not identified; presumably, the Woodcraft Corp.

. Presumably, their attorneys in this matter.