623 P.2d 1027

**In the Matter of the ESTATE OF Hannah B. Wisdom KEMNITZ, Deceased.**

**C. W. WISDOM and Elizabeth Lochen, Plaintiff-Appellants,**

v.

**Betty Jean Lucero KOPEL and Audra Lee Burcham, Defendants-Appellees.**

**No. 4783.**

Court of Appeals of New Mexico.

Jan. 27, 1981.

514

Barry Crutchfield, Templeman & Crutchfield, Lovington, for plaintiffs-appellants.

Lawrence H. Johnson, Rose & Johnson, Hobbs, for defendants-appellees.

## OPINION

LOPEZ, Judge.

Hannah B. Wisdom Kemnitz died on May 16, 1977, in Lea County, New Mexico. She was survived by three nieces, Betty Jean Lucero Kopel, Audra Lee Burcham, Elizabeth Lochen, and one nephew, C. W. Wisdom. Ms. Lochen and Mr. Wisdom are the plaintiffs in the case before us; Ms. Kopel and Ms. Burcham, the defendants.

This appeal involves an attempt by plaintiffs to reopen the proceedings distributing the Hannah Kemnitz estate, which was closed in August 1978, by an order issued by the New Mexico District Court. In order to obtain redistribution, plaintiffs filed a petition in the district court in May 1980 to have C. S. Wisdom appointed as successor personal representative. The district court denied the petition. We affirm.

In March 1978, the decedent's will was probated and the residue of her estate distributed among her heirs, the parties in the present suit. Although the distribution was not apparently in accordance with the New Mexico law of descent and distribution, § 45-2-103, N.M.S.A. 1978, plaintiffs, who were properly notified, failed to object to the distribution before or at the hearing on the order of distribution of the estate, or in the following five months before the estate was finally settled by court order. No direct appeal from the order approving the schedule of distribution was taken, but plaintiffs now claim that the order was void because the district court lacked jurisdiction. Their argument is premised on the belief that the appointment of J. W. Neal as personal representative in the initial informal proceedings was invalid, and that, consequently, the distribution made by him and approved by the district court is without legal effect.

The claimed invalidity arises from the signature of Judge Pevey, a probate judge, on the order approving Mr. Neal's appoint-

ment. Because the application for informal appointment of Mr. Neal was filed with the district court, plaintiffs contend that Judge Pevey was acting for that court when she signed the order. They claim that she had no authority to decide a matter in the district court, and that, consequently, her act of sitting as judge in the district court deprived that court of jurisdiction. From this they argue that the appointment by that court of Mr. Neal as personal representative is void.

At the time the application for informal probate and appointment of a personal representative was filed, May 23, 1977, certain rules were in effect in the Fifth Judicial District. This district includes Lea County. Pursuant to Section 13, Article 6 of the New Mexico Constitution which gives the district court supervisory control over probate court, the District Court of the Fifth Judicial District had required that all pleadings and documents relating to matters under the New Mexico Probate Code be filed in the district court. The clerk was to maintain a separate probate docket and direct all applications for informal probate to the probate court. The district court could make such rules pursuant to Rule 83 of the Rules of Civil Procedure, then codified as § 21–1–1(83), N.M.S.A.1953 (Rep.Vol.1970). Rule 83 enables the district court to promulgate rules governing its practice, so long as not inconsistent with the state Rules of Civil Procedure. Under § 45–1–302.1, N.M. S.A.1978, enacted by N.M.Laws 1977, ch. 121, § 2, and so in effect in 1977, the district and probate courts have concurrent jurisdiction regarding informal probate. Within the ambit of this statute, the district court of the Fifth Judicial District could decide to have the probate court handle all applications for informal probate.

The sole issue is whether jurisdictional error was committed when Judge Pevey signed the order of informal appointment of J. W. Neal as representative of the Hannah Kemnitz estate. We find no such error.

■ Plaintiffs are correct in arguing that if a judge presides over a cause with-out authority to sit, jurisdictional error is committed, *State v. Doe*, 91 N.M. 57, 570 P.2d 595 (Ct.App.), *rev'd on other grounds*, 91 N.M. 51, 570 P.2d 589 (1977). Jurisdictional error may be raised in a collateral attack after the judgment has been entered. *Chavez v. County of Valencia*, 86 N.M. 205, 521 P.2d 1154 (1974); N.M.R. Civ.P. 60(b), N.M.S.A.1978. If Judge Pevey had been acting acting for the district court, the plaintiffs could now claim jurisdictional error; but the record shows that Judge Pevey was in probate court when she signed the order.

■ The record indicates the application for informal appointment was actually heard in probate court. The application was, by its opening words, presented to the probate court, and it was assigned a number on the probate docket. The order of appointment was signed by Judge Pevey, a probate judge. All this was in conformance with the local rules as then in effect. No jurisdictional error was committed.

■ Without the discovery of fraud, jurisdictional error, or of new property belonging to the estate, the plaintiffs cannot reopen the proceedings settling the estate. A previous adjudication in a formal testacy proceeding bars an heir's claim to recover improperly distributed property, absent fraud. § 45–3–1006 N.M.S.A.1978. The distribution of the Hannah Kemnitz estate was adjudicated in formal testacy proceedings in the district court on August 22, 1978, when an order of complete settlement of the estate and approval of the distribution was entered. *See*, §§ 45–3–401, 45–3–409, N.M.S.A.1978. A formal testacy order is final. § 45–3–412, N.M.S.A.1978. The time for appealing the order having run, *see*, § 45–3–413, N.M.S.A.1978; N.M.R.Civ. App. 3, N.M.S.A.1978, the distribution is *res judicata*. No fraud was claimed, and we have found no jurisdictional error.

The third circumstance which would allow reopening of the estate is the discovery of new property. Section 45–3–1008, N.M.

S.A.1978 permits the district court to appoint a successor personal representative if new property belonging to the estate has been discovered. Plaintiffs do not claim that new property has been found. Their petition for the appointment of a successor personal representative was properly denied.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.