■ In the Matter of the Estate of ASPASIA ZAHARIS, Also Known as TESSIE ZAHARIS, Deceased. NICHOLAS STAMATAKOS, as Administrator of the Estate of ASPASIA ZAHARIS, Deceased, Respondent; DINO THEODOROPOULOS et al., Appellants.—Weiss, J. Appeal from an order of the Surrogate's Court of Broome County (Thomas, S.), entered November 23, 1987, which, *inter alia,* denied respondents' cross motion to modify a prior decree of the court.

Following this court's decision in *Matter of Zaharis* (91 AD2d 737, *affd* 59 NY2d 629), as a result of which decedent was deemed to have died intestate, her brother, petitioner, the sole distributee, was appointed administrator of the estate in May 1983. Contemporaneously, the temporary letters of administration issued to respondent Dino Theodoropoulos (hereinafter respondent) were revoked, and he was directed to submit a final accounting *(see,* SCPA 908 [1]; 2205 [1]). In January 1984, respondent filed his petition to account to which petitioner raised various objections. By decision dated December 26, 1984, after a hearing, Surrogate's Court reviewed each objection seriatim and authorized respondent to

pay certain enumerated expenses and remit the balance to petitioner. The decision concluded with a directive to "[s]ubmit decree in accord with decision", but respondent failed to comply. Eventually, petitioner submitted a proposed decree and judgment embodying the summary provisions of the 1984 decision (see, SCPA 2227), which was signed by the court on August 26, 1985. Notably, respondent filed a notice of appeal, but failed to perfect same.

Thereafter, in October 1987, petitioner moved to have both respondent and his attorney, respondent Angelos P. Romas, held in contempt for failing to distribute the estate in accord with the 1985 decree, or, alternatively, for a directive authorizing petitioner to close out the estate. Respondent and Romas cross-moved for a modification of the decree, asserting, *inter alia,* that certain unpaid administrative expenses had been improperly omitted in the previous accounting. Surrogate's Court directed petitioner to implement the 1985 decree without modification and provided for the distribution of any accrued interest to petitioner. This appeal ensued.

We affirm. Respondent seeks to modify the 1985 decree by authorizing the payment of certain expenses contained in the accounting which were either approved in the text of the 1984 decision but omitted from the summary statement, or to which no objection was registered. A judicial settlement, however, is final as to all material matters embraced in the accounting and decree (see, SCPA 2227; *Krimsky v Lombardi,* 78 Misc 2d 685, *affd* 51 AD2d 600; 42 NY Jur 2d, Decedents' Estates, § 2346, at 409-412). The record confirms that respondent neither pursued the instant objections on appeal, nor timely sought to modify the decree. As such, the decree is res judicata (see, *Krimsky v Lombardi, supra,* at 687; *Matter of Jones,* 13 Misc 2d 678, 681, *affd* 8 AD2d 829). Moreover, Surrogate's Court could properly direct the payment of accrued interest to petitioner. We recognize that respondent's temporary letters were revoked in 1983, apparently leaving him without authority to comply with the mandate of the 1985 decree *(but see,* SCPA 720, 908 [2]; 41 NY Jur 2d, Decedents' Estates, § 1722, at 257-258). The decree, however, coupled with the underlying 1984 decision, specifically directed the temporary administrator to make distribution. Despite the dilemma posed, respondent at no point sought clarification of his status either through an application to modify the 1984 decision or resettlement of the 1985 decree. Under these circumstances, Surrogate's Court could properly preclude respondent, and those receiving distribution through

him, from receiving accrued interest on their shares *(see, Juracka v Ferrara,* 120 AD2d 822, 823-824, *lv denied* 68 NY2d 608). The further contentions raised in respondent's brief are without merit.

Order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.