■ PATRICIA YOUNG-SZLAPAK, as Trustee of the Trust Created under the Last Will and Testament of MILLARD YOUNG, Deceased, Appellant, v MARK YOUNG, as Executor of MILLARD YOUNG, Deceased, et al., Respondents. [57 NYS3d 579]—

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 27, 2016. The order granted the motion of defendants for summary judgment dismissing the complaint and denied the cross motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action in 2015 pur-

suant to article 15 of the RPAPL, alleging that the trust created under decedent's will became the owner of the entire 57-acre parcel located on McNeeley Road in the Town of Newstead, New York immediately upon decedent's death in June 2009, rather than merely two discrete improved properties located thereon. Without issuing a written decision, Supreme Court granted defendants' motion for summary judgment dismissing the complaint on the ground of res judicata, and denied plaintiff's cross motion for summary judgment. We affirm.

The record establishes that in 2013 a petition for the judicial settlement of decedent's estate was filed in Surrogate's Court, and the executor's accounting reflected that the two discrete improved properties would be distributed to the trust, while the remainder of the parcel would be transferred to defendants Christine Papke and Laura Young. Plaintiff filed objections to the executor's accounting, but the issue raised therein was resolved by the parties. Plaintiff thereafter moved for time in which to file further objections to the executor's accounting, but the Surrogate denied that request and issued a final decree that, inter alia, approved the executor's accounting. Plaintiff filed a notice of appeal from the decree prior to commencing this action, but the parties filed a stipulation of discontinuance with respect to that appeal.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). "These principles apply with equal force to judicially settled accounting decrees[,] . . . [and] an accounting decree is conclusive and binding with respect to all issues raised and as against all persons over whom Surrogate's Court obtained jurisdiction" (*id.* at 270). Because a "judicial settlement . . . is final as to all material matters embraced in the accounting and decree," and here the 57-acre parcel was contemplated by the accounting and decree, the court properly applied the doctrine of res judicata herein (*Matter of Zaharis*, 148 AD2d 868, 869 [1989], *lv dismissed* 74 NY2d 792 [1989]; *see Zoeller v Lake Shore Sav. Bank*, 140 AD3d 1601, 1602-1603 [2016]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.